CORTLAND COUNTY.—HON. A. P. SMITH, SURROGATE.—
SEPTEMBER, 1874.

## GAZLAY *vs.* CORNWELL.

*Matter of the Estate of* LYDIA CORNWELL, *deceased.*

The decedent's husband, by a former wife, had one daughter, G., who died before her mother, leaving children.   The decedent died leaving sisters, but no husband, parent or child.   *Held* that the decedent's sisters were her only next of kin.   The children of G. can not participate in the distribution of the estate, because they are in no way related to the decedent.   Relationship is the ground on which the law of distribution is based.

THIS was an application to determine who are the legal heirs and next of kin of Lydia Cornwell late of Cortland, deceased, intestate.   She died in December, 1872, leaving sisters, but no husband, parent or child. Her husband, Elihu Cornwell, by a former wife, had one daughter, Mrs. Gazley, who died in 1859, leaving a husband, Dr. Gazlay, and three children, who now claim the estate, of Mrs. Lydia Cornwell.   After the death of his first wife, Elihu Cornwell married Lydia, by whom he had one daughter, Ann Janette Cornwell, who died unmarried and intestate in 1866, leaving no children, and no brother and no sister or sister's children except those three Gazlay children, the heirs of Mrs. Gazlay, her half sister.

HORATIO BALLARD, *for* GAZLAY *children.*

W. H. SHANKLAND, *opposed.*

THE SURROGATE.—The only question I am now called upon to decide is, whether these children, or Lydia's

brothers and sister are entitled to her estate.   Elihu died before his wife or daughters.

The statute of distributions (3 *R. S.* 183, § 82,) provides as follows : "Where the deceased shall have died intestate, the surplus of his personal estate remaining, after the payment of debts, *shall be distributed to the widow, children or next of kin of the deceased,* in manner following;" Then follow thirteen provisions or limitations as to such distribution.   It will be seen that all these provisions are subject to the one above stated.   The persons receiving the estate under any of them must be either the " *widow, children or next of kin of the deceased.*"

These Gazlay children are in no way related to the deceased.   Her blood does not run in their veins.   It is claimed that they take as representatives of Ann Janette.   Were this a question over property left by Ann Janette there would be force in the suggestion ; but Ann Janette never acquired any of the property of her mother.   She died before the intestate, and in my view of this question it is to be decided as though she had never lived.   These children are not asking this property on the ground that it was the property of Ann Janette, but that they are her legal representative and entitled to all the property that would have been hers had she outlived her mother.   This however, in my view of the case, does not arise, because they are asking for the property of one to whom they are in no way related, and relationship is the ground on which the law of distribution is based.   Where that exists, then half bloods take the same as whole bloods.   Where there is no relationship between the deceased and the claimants that rule does not apply.

If I am right in this view, this property belongs to the brothers and sisters of the intestate, and not to the Gazlay children.   An order to that effect will be entered.

Ordered accordingly.