(75 App. Div. 78.)

## In re McKAY.

(Supreme Court, Appellate Division, Fourth Department. July 8, 1902.)

1. REAL ESTATE—INTEREST OF MINOR—SALE BY EXECUTOR.

    Where real estate is devised to an infant with a discretionary power of sale in executors, the proceeds of such sale, belonging to the infant, are personal property, passing on her death to her administrator, and not to her heirs, under the power of the will, and not by the doctrine of equitable conversion.

Appeal from surrogate's court, Steuben county.

Proceedings in the matter of the settlement of the account of Charlotte McKay, as administratrix of Inez McKay. From a surrogate decree settling such accounts, and striking out a certain sum which the administratrix had charged herself (75 N. Y. Supp. 1069), appeal is taken. Modified and affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

F. A. Robbins, for appellants.
D. M. Darrin, for respondent.

HISCOCK, J. This appeal is from that portion of the decree in question which struck out an item of $7,173.88, with which the above administratrix originally charged herself upon this accounting. Said sum was produced by the sale of the intestate's interest in certain real estate during her lifetime. Said interest in said real estate had descended to her from her father, and the surrogate, in striking out said item from the account of her administratrix, adopted and followed the theory, urged by the respondent herein, that the proceeds of said real estate were to be regarded as still real estate, and therefore not to be included in the accounts of the administratrix, but to be distributed and disposed of otherwise. We think that the learned surrogate committed error in this decision, which calls for a reversal of his decree upon this point.

Hiram C. McKay died November 18, 1889, leaving, him surviving, a widow, some children, of whom this intestate, Inez, was one, and two grandchildren, who are the appellants herein. He left a considerable quantity of real estate, and also a last will and testament whereby he appointed one Gillett executor and trustee. Said will attempted to create various trusts, and also to confer upon said executor and trustee

¶ 1. See Conversion, vol. 11, Cent. Dig. § 37.

a power of sale of the real estate. After said will was admitted to probate, and said Gillett had entered upon the discharge of his duties, an action was brought in the supreme court for the construction and interpretation of the will. The result of said action was a judgment declaring that the purported trusts were invalid, and that the testator's real estate, including that which produced the item in dispute herein, descended to his heirs as though no will had been left. It also adjudged that the power of sale was valid and operative. It is not necessary for us upon this appeal to inquire into the correctness of said judgment construing said will, for, concededly, the same constitutes an adjudication binding upon all the parties to this proceeding and appeal. Thereafter, and, as stated, during the life of the intestate, Inez McKay, said executor and trustee, in pursuance of the power of sale conferred upon him, sold a large proportion of Hiram McKay's real estate; and the share of Inez produced, over and above any purposes to which said proceeds were applicable, an amount which at the time of this accounting aggregated, with interest, the sum of $7,173.88. Inez, during all of this time and at the date of her death, in 1898, was an infant. Part of the proceeds of her real estate were paid to her guardians during her life, and the remainder to the respondent after her death.

Upon these two principal facts it was, as above stated, upon the accounting in surrogate's court, urged by the administratrix, and held by the surrogate, that such proceeds of said real estate continued to be real estate, and must be so treated upon this accounting. This conclusion was reached in the court below, and is now urged upon us by the learned counsel for the respondent, in substance, by the reasoning that, the trusts in Hiram McKay's will having been declared void, they did not require or operate to produce any equitable conversion of his real estate into personalty; that the power of sale held valid was discretionary; and that, therefore, that did not operate to produce such an equitable conversion; that under those circumstances the proceeds of the real estate, when paid to Inez McKay through her representatives, were still real estate, and that neither they nor she, being an infant, had power by any act or intent to convert the same into personalty.

We think that, in this course of reasoning, sight has been lost of the distinction between an equitable and an actual conversion duly and legally made. We will assume, for the sake of the argument, that respondent's contention is correct,—that neither the will with its purported trusts eradicated, nor the discretionary power of sale left standing, worked an equitable conversion of the real estate. To avoid confusion, however, we must keep in mind just what that concession means, and just what an equitable conversion means. An equitable conversion arises where, owing to the binding directions of a will, it becomes proper and legal for a court to treat real estate as having been converted into personal property, although there has been no actual exchange. For instance, it is substantially conceded by the respondent upon this appeal that, if the trusts in Hiram McKay's will had been valid, in order to fulfill them it would have been

necessary to sell the real estate, and that in that case it would have been proper to have regarded and treated his real estate as converted into money as of the time when the will took effect, and before there had been any actual disposition of it. In this case, the appellants are not compelled to rely upon any such theory as above set forth. Under what must be conceded in this action to be a valid power of sale, the executor and trustee has actually and physically converted the real estate into money, and the real question presented is whether—somewhat reversing theories—we are to treat and regard actual personal property as still being real estate. We are aware of no principle, legal or equitable, which, as between the parties here present, either requires or authorizes us to indulge in any such fiction. It was, of course, proper that the executor, after having executed the power of sale and discharged any legal obligations which attached to the proceeds thereof, should pay back the surplus to the party who owned the real estate. This was in accordance with plain and well-settled principles lying outside of the proposition urged by respondent here. Inez McKay had become the owner of certain real estate, subject to a power of sale, and, when this power of sale was exercised, if any surplus was left she was entitled to the same in the place of her real property which had been sold; but this disposition did not, in our judgment, at all involve going to the extent now urged. The counsel for the respondent has pressed upon our attention the rule that, when certain statutory proceedings and actions are instituted for the sale of an infant's real estate, the proceeds remaining or coming back to the infant are still to be regarded as real estate. He calls attention to this rule as supporting the one claimed by him in this case, that the sale of the infant's real estate under the power could not change it into personal property. We do not, however, think that the two cases are analogous. In the first class of cases, after an infant has become vested with the title to real estate, proceedings are instituted against it for special purposes, and it is proper to hold that, by such proceedings, a change in the nature of the infant's property shall not be accomplished which he himself could not bring about. In this case, however, the title to the real estate, when it descended to the infant, was charged with, and subject to, a certain power, which the testator had a perfect right to create. While he owned the real estate, and had the power to make any disposition or change in it he desired, he made his will, which conferred upon another the same power to change its nature after the title had gone to his heirs. The disposition made in this case was in pursuance of an authority conferred before the infant got her title, and subject to which she took it. While, unquestionably, the infant was entitled to receive the surplus proceeds of her real estate sold under the power of sale as she did receive them, and it is therefore an abstract question whether, as between the executor and herself, the proceeds were to be treated as real or personal property, we think it would be embarrassing and confusing to hold that, as between her estate and her successors, such money continued to be real estate

until some one, possibly three or four generations distant, became invested with an age and power enabling him to fix upon it the character of personal property.

We think upon principle that when, under such circumstances as exist here, money has been paid to an infant in the place of real estate, in the settlement of said infant's estate it should be treated as personal property. Neither do we find, among the many authorities which the counsel for the respondent with great care has called to our attention, any one which, in our opinion, sustains the position taken by him. It is impossible within proper limits to review them singly. Many of them relate to equitable, as distinguished from actual, conversion. None of them, in our judgment, sustain the principle that where, under a valid power of sale, there has been an actual conversion of real estate into money, the money received by the person who owned the real estate is thenceforth, as against his heirs and representatives, to be treated as real estate. We think, upon the other hand, that some of the authorities cited for respondent impliedly, at least, sustain appellants' position here, and that the latter's contention finds support in the case of Horton v. McCoy, 47 N. Y. 21. It is urged somewhat that the decrees made in surrogate's court, governing and providing for the disposition of the moneys produced upon the sale of the real estate hereinbefore referred to, constitute an adjudication in this proceeding that such money was real estate. As hereinbefore indicated, however, we do not think that those decrees, providing that the proceeds of real estate sold under the power of sale should go to the individuals who had owned the said real estate, involved or passed upon the question presented upon this appeal. The decree appealed from should be modified by including, in the accounts of the respondent as administratrix of said Inez McKay, the sum of $7,173.88, and the account sent back to the surrogate for such further proceedings as may be necessary to provide for a distribution of said sum and interest amongst the parties entitled thereto. The appellants should have costs of this appeal against the respondent, Charlotte McKay, individually.

Decree of surrogate modified by including and charging, in the accounts of the respondent as administratrix, the sum of $7,173.88 and interest, and that the account be sent back to the surrogate for such further proceedings as may be necessary to provide for a distribution of said sum and interest amongst the parties entitled thereto; that, as so modified, said decree be affirmed, with costs of this appeal against the respondent, Charlotte McKay, individually. All concur.