## In re SIMPSON'S ESTATE.

(Surrogate's Court, New York County.   December 26, 1913.)

1. DESCENT AND DISTRIBUTION (§ 35*)—PERSONS ENTITLED—REAL ESTATE—RELATIVES OF HALF BLOOD—"ANCESTOR."

Decedent's mother died testate, leaving surviving one son, the children of a deceased son, three daughters, of whom decedent was one, and a daughter of her deceased husband by his former marriage. Her will devised two lots to her three daughters; the rents to be paid to decedent and one other of them during their lives and that of the survivor. Other real estate was devised one-fifth to each child and the other fifth to the children of the dead son. Decedent was made executrix with power to sell all real estate. The surviving son died, and subsequently decedent died, both intestate, unmarried, and without issue. Decedent Estate Law (Consol. Laws 1909, c. 13) § 90, relating to the descent of real property, provides that relatives of the half blood shall inherit equally with those of the whole blood, unless the inheritance came to the intestate from an ancestor, when only those of the blood of such ancestor can inherit. Held, that "ancestor," within the statute, means the immediate ancestor from whom intestate received the estate and not a remote ancestor, so that the stepdaughter did not inherit from the son dying after his mother, or from decedent, the interest which either received under their mother's will, but that the stepdaughter, being descended from the same father as such son and decedent, was entitled to share in the inheritance from decedent of the interest which she had inherited from the son who died.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 102–107; Dec. Dig. § 35.*

For other definitions, see Words and Phrases, vol. 1, pp. 380–382; vol. 8, p. 7575.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. DESCENT AND DISTRIBUTION (§ 35*)—PERSONS ENTITLED TO INHERIT—RELA-
     TIVES OF THE HALF BLOOD.

     In such case, decedent with her sisters had a vested interest in the par-
ticular real estate devised to them, so long as the power of sale was not
executed by the executrix, but when it was sold their interest in the real
property ceased and attached to the proceeds of the sale as personalty,
in which, on decedent's death, the half-sister was entitled to a distribu-
tive share.

     [Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig.
§§ 102–107; Dec. Dig. § 35.*]

3. TAXATION (§ 897*)—INHERITANCE TAX—APPRAISAL OF PRESENT VALUE OF
     FUTURE ESTATE.

     Where a distributive share of a decedent's interest in the proceeds of
the sale of realty was not payable until the termination of a life in being,
the appraiser should ascertain its present value for the purpose of fixing
the transfer tax.

     [Ed. Note.—For other cases, see Taxation, Dec. Dig. § 897.*]

Proceedings to determine the amount of the transfer tax on the estate
of Mary Loretta Simpson, deceased. From an order entered upon the
report of an appraiser, the administrator appeals. Reversed, and re-
port remitted to the appraiser for correction.

McClure & Prentice, of New York City, for administratrix.
Kiendl, Smyth & Gross, of Brooklyn, for Lillian Buchanan and oth-
ers.
Harrison T. Slosson, of New York City, for Hatty S. Smith and
others.
Thomas E. Rush, of New York City, for State Comptroller.

FOWLER, S. The decedent, who was a resident of New York
county, died intestate on the 30th of March, 1912. An appraiser was
duly designated to appraise her estate for the purpose of the transfer
tax, and from the order entered upon his report this appeal is taken by
the administrator. Mary Ann Simpson, the mother of the decedent,
married Charles Simpson. The latter had been married previously
and had one daughter, Emma S. Orr. The children born of the mar-
riage of Charles Simpson and Mary Ann Simpson were Charles, Miri-
am, Silas Francis, Amanda E., and Mary Loretta. Charles Simpson,
the father, and Charles Simpson, the son, died prior to the death of
Mary Ann Simpson. The latter died on March 12, 1902, leaving a
will by which she devised to her three daughters, Miriam, Amanda E.,
and Mary Loretta, the premises known as No. 218 West Fiftieth street
and No. 276 West Seventy-Third street, in the city of New York. She
further directed that the rents from these houses should be paid to
her daughters Amanda E. and Mary Loretta during their lives and the
life of the survivor. She gave to her executrix power to sell and con-
vey any of the real estate of which she died seised. Mary Ann Simp-
son also died seised of the premises Nos. 581–583 Eighth avenue, and
she devised one-fifth of said premises to each of her children. Silas
Francis Simpson, one of the children, died on the 29th day of March,
1908, intestate. Mary Loretta Simpson duly qualified as executrix
under the will of her mother, and thereafter, by virtue of the power

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of sale contained in the said will, she sold and conveyed the premises No. 218 West Fiftieth street and No. 276 West Seventy-Third street.

The questions presented by this appeal are: First, whether, upon the death of Silas Francis Simpson, intestate, his half-sister, Emma S. Orr, inherited equally with his full brother and sisters the interest in the premises Nos. 581–583 Eighth avenue devised to him by his mother, Mary Ann Simpson; second, whether, in the event of Emma S. Orr being excluded from participation in the one-fifth interest of which Silas Francis Simpson died seised, she became entitled, upon the death of the decedent herein, to a share of the interest in the premises at Nos. 581–583 Eighth avenue which the decedent inherited from Silas Francis Simpson; third, whether, upon the death of the decedent herein, her interest in the proceeds of the sale of premises No. 218 West Fiftieth street and No. 276 West Seventy-Third street was real estate or personal property.

Section 90 of the Decedent Estate Law (Consol. Laws 1909, c. 13) provides that:

"Relatives of the half blood and their descendants, shall inherit equally with those of the whole blood and their descendants, in the same degree, unless the inheritance came to the intestate by descent, devise or gift from an ancestor; in which case all those who were not of the blood of such ancestor shall be excluded from such inheritance."

[1] The interest of Silas Francis Simpson in the premises Nos. 581–583 Eighth avenue was derived from the will of his mother, Mary Ann Simpson. Emma S. Orr, who is the daughter of Charles Simpson by his first marriage, was not of the blood of Mary Ann Simpson. Therefore Emma S. Orr did not inherit from Silas Francis Simpson any interest in the real estate devised to him by his mother. Mary Loretta Simpson, the decedent herein, being a sister of the whole blood of Silas Francis Simpson, inherited from him her proportionate share of his interest in the premises Nos. 581–583 Eighth avenue, namely, one-fourth of his one-fifth. The decedent was entitled to this one-fourth at the time of her death. Having died intestate, leaving no father and no issue, her brothers and sisters inherited this interest. Emma S. Orr was of the blood of the decedent's ancestor, Silas Francis Simpson, because her father was the father of Silas Francis Simpson. The term "ancestor," as employed in section 90 of the Decedent Estate Law, means the immediate ancestor from whom the intestate received the estate, and not some remote ancestor. McCarthy v. Marsh, 5 N. Y. 263; Valentine v. Wetherill, 31 Barb. 655; Wheeler v. Clutterbuck, 52 N. Y. 67. Therefore Emma S. Orr inherited from Mary Loretta Simpson her proportionate share of the one-fourth interest which Mary Loretta Simpson inherited from her brother Silas Francis Simpson. As the decedent was entitled to one-fifth of the premises situated at Nos. 581–583 Eighth avenue under the will of her mother, and to one-fourth of one-fifth as heir of her brother Silas Francis, she had a one-fourth interest in the premises at the time of her death. This interest should be apportioned by the appraiser as follows: Miriam Simpson, $^{19}/_{60}$; Amanda E., $^{19}/_{60}$; children of Charles Simpson, $^{19}/_{60}$; Emma S. Orr, $^{1}/_{20}$. Mary Loretta Simpson

qualified as executrix under the will of her mother, Mary Ann Simpson.

[2] In accordance with the authority conferred upon her as such executrix, she sold and conveyed the premises devised by Mary Ann Simpson to Miriam, Amanda E., and Mary Loretta Simpson. The will did not contain a positive direction to the executrix to convert the real estate into personalty, nor was it necessary, for the purpose of carrying out the intent of the testator as expressed in the will, that the real estate should be converted into personalty. Therefore the doctrine of equitable conversion has no application to the question whether the proceeds of the sale of the real estate should be considered real estate or personalty. The executrix was given authority to sell the real estate, and in accordance with that authority she sold and conveyed it and invested the proceeds in bonds and mortgages. It is true that the decedent devised real estate to her three daughters, but it is equally true that she gave to her executrix the power to sell such real estate. The fact that she gave such power shows that she did not intend that her three daughters should become immediately seised and possessed of the premises devised. The devise was made subject to a power of sale. That power was exercised, and the three daughters then took a vested interest in the proceeds of such sale. The daughters of Mary Ann Simpson had a vested interest in the particular real estate devised to them so long as the power of sale not was exercised by the executrix, but as soon as the real estate was sold under the power their interest in the real property ceased and was immediately transferred to the proceeds realized from the sale of the real estate. It cannot be maintained that the three daughters of Mary Ann Simpson had any interest in the premises No. 218 West Fiftieth street and No. 276 West Seventy-Third street after they had been sold and conveyed by the executrix. Their interest after the sale of the premises was an interest in the proceeds realized from such sale, and this was personal property. Matter of McKay, 75 App. Div. 78, 77 N. Y. Supp. 845. It would therefore appear that Emma S. Orr, the half-sister of the decedent, became entitled upon the death of the decedent to her distributive share of the decedent's interest in the proceeds of the sale of the premises No. 218 West Fiftieth street and No. 276 West Seventy-Third street.

[3] As this interest is not payable until the death of Amanda E., the appraiser should ascertain its present value for the purpose of the transfer tax.

The order fixing tax will be reversed, and the appraiser's report remitted to him for correction, as herein indicated.