In the Matter of the Application of SAMUEL S. FIELD and Others for Payment of the Award Made to Unknown Owners of Parcel No. 2, on the Map, etc.

First Department, March 8, 1918.

**Real property — funds paid into court upon condemnation of real estate for benefit of unknown owners — decedent's estate — right of children of testator by first wife to inherit estate vested in second wife — estate by purchase — proceeding to determine identity of unknown owners and to distribute fund in possession of State Comptroller — notice by publication binding upon claimants.**

Funds paid into court upon the condemnation of real estate for the benefit of unknown owners are to be treated as real estate.

The children of a testator by his first wife who are not of the blood of the second wife are not entitled to inherit any of her separate intestate estate vested in her by the will of her husband, consisting of his interest in a fund arising from the condemnation of real estate. Such estate descends to her children by the testator by virtue of section 81 of the Decedent Estate Law.

An estate by purchase is one acquired by sale or gift or by any other method except only that of descent, and the law knows no distinction between a gift or devise by a stranger and a gift or devise by an ancestor.

In a proceeding for the purpose of determining the identity of unknown owners and of distributing to them their proportionate shares of an award made for land taken by condemnation, and now in the possession of the State Comptroller, claimants who had due notice by publication, but did not appear, are bound by the decision of the court, and their application to modify said decision should be denied.

PETITIONS by Louise Stilwell Ackerman and by John S. Hoyt and others, for a modification of an order of this court entered herein on the 19th day of November, 1915.

*Woodward, Shonk & Fiero*, for the petitioner Ackerman.

*Charles A. Taussig*, for petitioners Hoyt and others, for the motions.

*Merton E. Lewis*, Attorney-General, and *Robert P. Beyer*, Deputy Attorney-General, opposed.

CLARKE, P. J.:

On the 12th day of February, 1848, Samuel Stilwell died possessed of certain burial lots in the city of New York. He

left a last will and testament, but said property, not being disposed of thereby, descended to his heirs. In 1888 a proceeding was duly instituted for the purpose of acquiring title by the mayor, aldermen and commonalty of the city of New York to certain lands and premises duly selected by the board of education as a site for school purposes, which included the said burial lots of which said Samuel Stilwell died seized and possessed. The commissioners in• said proceeding awarded a certain sum as damages to the unknown owners. Said report was duly confirmed and the fund for the payment of the said award came into the hands of the chamberlain of the city and subsequently, in accordance with the State Finance Law (Consol. Laws,• chap. 56 [Laws of 1909, chap. 58], § 44), was on or about the 5th day of September, 1910, duly paid over to the treasurer of the State of New York. Thereafter proceedings were duly instituted for the purpose of determining the identity of the said unknown owners and of distributing to them their proportionate shares. The referee appointed by this court on June 10, 1913, reported as follows:

" That the remaining portion of said fund of $35,672.79, so held by the Treasurer of the State of New York to the credit of unknown owners as aforesaid, to wit, the sum of $35,118.79, after deductions for the costs and expenses of this proceeding, is subject to division and apportionment among the descendants and next of kin of said Samuel Stilwell, deceased, as follows:

" One-quarter part of the remainder * * * among the descendants and next of kin of Thomas Stilwell, deceased, a brother of said Samuel Stilwell.

" One-quarter part of the remainder thereof among the descendants and next of kin of Stephen Stilwell, deceased, a brother of said Samuel Stilwell.

' One-quarter part of the remainder thereof among the descendants and next of kin of John Stilwell, deceased, a brother of said Samuel Stilwell.

" One-quarter part of the remainder thereof among the descendants and next of kin of Catherine Stilwell Wendell, deceased, a sister of said Samuel Stilwell."

It was further found in the proceedings that said Stephen

Stilwell, brother of Samuel Stilwell, died intestate, leaving him surviving six children, to wit, Silas M. Stilwell, Stephen Stilwell, Samuel Stilwell, William M. Stilwell, John Stilwell and Jane Maria Stilwell; that said Jane Maria Stilwell died without issue, and each of the remaining five children and their descendants are entitled to one-fifth of the one-quarter part or share belonging to said Stephen Stilwell.

It was found that John Stilwell, son of Stephen Stilwell, had married twice and that he had four children by his first wife; that all of these children had died leaving issue; that after the death of his first wife he married again and had three children by his second wife, namely, Cornelia S. Hurlburt, Fannie M. Coles and Benjamin W. Stilwell; that this said John Stilwell died about 1880, leaving a last will and testament which was duly admitted to probate, and that under the provisions of said will the testator's one-twentieth interest in said award passed under the residuary clause thereof to his second wife, who survived her husband and was the mother of the three children above named. This second wife died intestate five years later, and it was found that the three children by her above named, namely, Cornelia S. Hurlburt, Fannie M. Coles and Benjamin W. Stilwell, were each entitled to one-third of the one-twentieth share of their father, John Stilwell. The descendants of the said John Stilwell by his first wife did not appear in the second proceeding or make any claim to the said award. The order of this court in this second proceeding, under date of November 19, 1915, directed payment accordingly to the said Cornelia S. Hurlburt, Fannie M. Coles and Benjamin W. Stilwell, who were thereafter paid their respective shares by warrant of the Comptroller of the State of New York.

Upon the third proceeding a question was raised in behalf of Louise S. Ackerman, a daughter of one of the chi dren of the first wife, and by John S. Hoyt and others, being descendants of the other three children by the first wi e, that this finding was founded on a mistake in law in that, under section 90 of the Decedent Estate Law (Consol. Laws, chap. 13; Laws of 1909, chap. 18), relatives of the half b ood and their descendants should share equally with descendants of the whole blood in the same degree. (See, also, Real

Prop. Law [Gen. Laws, chap. 46; Laws of 1896, chap. 547], § 290; 1 R. S. 753, § 15.) The Attorney-General contended that, the fund having been entirely expended under order of the court, there was no fund now held by the State for the payment of these claims and, further, that there was no question which could be raised in this proceeding, inasmuch as the court had already ordered the payment of the fund in question, and the referee was not empowered to find to the contrary on this question of law; and the learned referee in his report filed on the 15th of June, 1917, states: " I have so ruled in this proceeding and by agreement of the parties it is understood that if such claimants to the said fund distributed desire to urge their claims they may do so under separate petitions to the court or in such other manner as they may be advised, but not herein. I have, therefore, made no finding whatever on these claims under the said arrangement."

Thereafter, the present motions were made by the representatives of the children of the first wife for an order which should modify the order of this court dated November 19, 1915, in so far as said order directs payment to Cornelia S. Hurlburt, Fannie M. Coles and Benjamin W. Stilwell of the full one-twentieth share of their father, John Stilwell, and should further order that said one-twentieth share be distributed in equal shares to the seven children of said John Stilwell.

The fund, having been paid into court upon the condemnation of real estate for the benefit of the unknown owners, is to be treated and has been treated as real estate. Stephen Stilwell inherited one-quarter from his father Samuel. John Stilwell, one of the five surviving children of Stephen Stilwell, inherited one-twentieth. He had four children by his first wife and three by his second wife, and if he had died intestate the seven children would have taken equally from him, because his blood was in each of them. But he did not die intestate, and they did not take from him. He, by his last will and testament, having made provision for all of his children, in the 13th clause provided as follows: " I do hereby give, devise and bequeath all the rest, residue and remainder of my estate, real and personal, wheresoever situate and of what

nature or kind whatsoever to my wife Cornelia F. Stilwell, which bequests herein made are in lieu of dower, right of dower and thirds."

By that provision his widow, Cornelia F. Stilwell, became vested with her husband's, John Stilwell's, share of the fund inherited by him through his father, who inherited from Samuel Stilwell, and this estate so vested in her she held for five years and then died intestate. If she had survived to the time of the distribution, under the former order of this court, she would unquestionably have taken the entire share. The question, therefore, is whether, the estate being vested in her by the last will and testament of her husband, the children of John Stilwell by his first wife, and who have none of Cornelia F. Stilwell's blood in their veins, are entitled to inherit any of her separate intestate estate.

In *Gardner* v. *Collins* (2 Pet. 92) the court said: " In the case of a parent, the parent is, by the very terms of the statute, made the sole stock of descent, whether he derived it by descent, or by gift or devise from an ancestor or a stranger. In the case at bar the mother of the intestate took the estate by devise from her father.  She was in by purchase; and in the sense of the common law, as first purchaser, and, of course, the true stock of descent, holding the estate *ut feudum antiquum.*"

In *Wheeler* v. *Clutterbuck* (52 N. Y. 67) one Richard Tighe died intestate seized of certain lots, leaving a widow Ellen and two infant children, Patrick and Letitia.  His widow married one Charles O'Niel, by whom she had a son, William John O'Niel. Letitia Tighe died intestate, unmarried and without issue.  RAPALLO, J., said: " As to the one undivided half of the land which came to Patrick Tighe by descent from his father Richard Tighe, the half-brother is excluded by this provision, he being the issue of a second marriage of the mother of Patrick, and having none of the blood of Patrick's father.  *  *  *  We think it clear that section 15 of the statute* refers to the descent, devise or gift last preceding the death of the intestate; that the ' ancestor ' referred to is the immediate ancestor from whom the intestate received the inheritance, devise or gift."

---

* 1 R. S. 753, § 15.— [REP.

*Gazlay* v. *Cornwell* (2 Redf. 139) was an application to determine who were the legal heirs and next of kin of Lydia Cornwell, deceased, intestate. She died in 1872, leaving sisters, but no husband, parent or child. Her husband, Elihu Cornwell, by a former wife had one daughter, Mrs. Gazlay, who died in 1859, leaving a husband and three children, who claimed the estate of Mrs. Lydia Cornwell. After the death of his first wife, Elihu Cornwell married Lydia, by whom he had one daughter, Ann Janette who died unmarried and intestate, leaving no children and no brother and no sister or sister's children, except those Gazlay children, the heirs, of Mrs. Gazlay, her half-sister. The court said: " These Gazlay children are in no way related to the deceased. Her blood does not run in their veins. * * * they are asking for the property of one to whom they are in no way related, and relationship is the ground on which the law of distribution is based. Where that exists, then half-bloods take the same as whole bloods. Where there is no relationship between the deceased and the claimants that rule does not apply."

In *Matter of Simpson* (144 N. Y. Supp. 1099) Charles Simpson by his first wife had a daughter, Emma S. Orr. He subsequently married Mary Ann Simpson. The children born of that marriage were Charles, Miriam, Silas Francis, Amanda E. and Mary Loretta. Charles Simpson the father and Charles Simpson the son died prior to the death of the wife and mother, Mary Ann Simpson. The latter died leaving a will by which she devised one-fifth of certain premises to each of her children. Silas Francis, one of the children, died intestate. The question presented was whether, upon the death of Silas Francis Simpson intestate, his half-sister, Emma S. Orr, inherited equally with his full brother and sisters the interest in the premises devised to him by his mother. The learned surrogate said: " The interest of Silas Francis Simpson in the premises Nos. 581–583 Eighth avenue was derived from the will of his mother Mary Ann Simpson. Emma S. Orr, who is the daughter of Charles Simpson by his first marriage, was not of the blood of Mary Ann Simpson. Therefore, Emma S. Orr did not inherit from Silas Francis Simpson any interest in the real estate devised to him by his mother."

An estate by purchase is one acquired by sale or gift or by any other method except only that of descent, and the law knows no distinction between a gift or devise by a stranger and a gift or devise by an ancestor. Mrs. John Stilwell acquired the estate in question by devise from her husband. She, therefore, acquired it by purchase. When she died intestate, her estate descended to her three children by virtue of section 81 of the Decedent Estate Law: " The real property of a person who dies without devising the same shall descend: 1. To his lineal descendants." (See, also, Real Prop. Law [Gen. Laws, chap. 46; Laws of 1896, chap. 547], § 281; 1 R. S. 751, § 1, as amd. by Laws of 1895, chaps. 171, 1022.) There is no question presented in this case, therefore, of the half blood, because the four children of her husband, John Stilwell, by his first wife had none of her blood in their veins, and she was the stock. If one of her children had died intestate, then his share would have descended to each of his four half brothers and sisters and his two whole sisters, because, as to them, he would have been the ancestor and all would have been of the blood of their common father, John Stilwell. But that situation is not presented.

Upon the merits, therefore, there is no ground for granting the application. I am further of the opinion that it should not be granted because the applicants are bound by the former decision in a proceeding of which they had due notice by publication, although they did not appear, and by the fact that the State Comptroller having paid out the fund to the three children of Mrs. Stilwell upon the order heretofore duly made, there is no fund in the State treasury which could be applied to the payment of the applicants' claim.

Therefore, the motions are denied.

SCOTT, SMITH, DAVIS and SHEARN, JJ., concurred.

Motions denied. Order to be settled on notice.