49 Wn.2d 229 (1956)
299 P.2d 550
In the Matter of the Estate of ERNEST E. SMITH, Deceased.
ADELE BENSON et al., Appellants,
v.
VIRGINIA H. NICHOLSON, Respondent.[1]
No. 33598.
The Supreme Court of Washington, Department One.
July 3, 1956.
Clarence L. Gere, for appellants.
Bogle, Bogle & Gates and Robert A. Stewart, for respondent.
SCHWELLENBACH, J.
Ernest E. Smith died testate. His will provided:
"ARTICLE FIRST: I give and bequeath unto each of my children, namely, Marion Gildberg, residing at Seattle, Washington, Adelle Benson, residing at Portland, Oregon, Virginia McAllister, residing at Cottage Grove, Oregon; Georgia Dolphus, residing at Long Beach, California, and Ernest E. Smith, Jr., residing at Monroe, Washington, the sum of one dollar.
"ARTICLE SECOND: I hereby give, devise and bequeath all of the rest, residue and remainder of my estate, real, personal and mixed, of whatsoever character, and wheresoever situated, unto my beloved wife, Jessie M. Smith."
Of the "children" mentioned in the will, only Ernest E. Smith, Jr., was a child of the decedent. He was born of the marriage between decedent and Jessie M. Smith. The others were the issue of a previous marriage between Jessie M. Smith and Jorgen P. Gildberg.
Marion Gildberg, Georgia Dolphus, Ernest E. Smith, Jr., and Jessie M. Smith predeceased Ernest E. Smith. Ernest E. Smith, Jr., left as his issue one child, Virginia H. Nicholson.
The will was admitted to probate, and in his final report the administrator with will annexed petitioned that the *231 estate be distributed equally to Adele Benson, Virginia McAllister Smith, and Virginia H. Nicholson, the granddaughter. The latter, claiming to be the sole heir, filed objections, and the trial court ruled that Adele Benson and Virginia McAllister Smith, as stepchildren of the decedent, had no right of inheritance from him. One dollar was ordered to be distributed to each of the surviving stepchildren in accordance with the terms of the will, and the residue of the estate distributed to Virginia Nicholson. Adele Benson and Virginia McAllister Smith appeal.
[1] Jessie M. Smith having predeceased her husband, the clause in his will leaving her the residue of his estate, lapsed. There being no further residuary provision, that portion of his property passes by the law of descent to his heirs-at-law. In re Sims' Estate, 39 Wn. (2d) 288, 235 P. (2d) 204.
The question presented in this appeal is whether a stepchild may inherit from his stepparent as an heir-at-law. At common law, the relationship of stepparent and stepchild conferred no rights and imposed no duties. The question of whether appellants may inherit in this instance depends wholly upon the statutes of descent and distribution. The property before the court was Ernest E. Smith's separate property, having been acquired by him from the community estate of himself and Jessie M. Smith under probate procedure.
RCW 11.04.020 provides in part:
"When any person dies seized of any lands, tenements or hereditaments, or any right thereto, or entitled to any interest therein, in fee simple, or for the life of another, as his separate estate, not having devised the same, they shall descend subject to the debts as follows:
"...
"Fifth. If the decedent leaves no husband or wife the estate goes in equal shares to his children, and to the issue of any deceased child, by right of representation.
"...
"The words `issue,' `child' and `children' wherever used in this section shall be construed to include lawfully adopted children."
*232 RCW 11.04.030 (3) provides:
"The residue, if any, of the personal estate shall be distributed among the same persons as would be entitled to the real estate by RCW 11.04.020, and in the same proportion as provided, excepting as herein further provided; ..."
[2] A child is the son or daughter, in relation to the father or mother. A stepchild is the son or daughter of one's wife by a former husband, or of one's husband by a former wife.
The court found that there was no evidence of the decedent having lawfully adopted Adele Benson or Virginia McAllister Smith.
[3, 4] Stepchildren are not included in the terms of the last paragraph of RCW 11.04.020 by implication. The status of stepchildren was considered by the legislature in a separate section. RCW 11.08.010 provides for inheritance from a stepparent in order to avoid escheat of the property to the state. The right of a stepchild to inherit from a stepparent is limited to the circumstances outlined therein.
Appellants contend that the legislature eliminated any distinction between kindred of the half blood and of the whole blood when it enacted RCW 11.04.100.
"The degree of kindred shall be computed according to the rules of the civil law, and the kindred of the half blood shall inherit equally with those of the whole blood in the same degree, unless the inheritance comes to the intestate by descent, devise, or gift from one of his ancestors, or kindred of such ancestor's blood, in which case all those who are not of the blood of such ancestors shall be excluded from such inheritance. The words `kindred of such ancestor's blood' and `blood of such ancestors' shall be construed to include any child lawfully adopted by one who is in fact of the blood of such ancestor."
In State v. Bielman, 86 Wash. 460, 150 Pac. 1194, the defendant was charged with the crime of incest with his stepdaughter, in violation of § 2455, Rem. & Bal. Code, which provided:
"Whenever any male and female persons, nearer of kin to each other than second cousins, computing by the rules of the civil law, whether of the half or the whole blood, *233 shall have sexual intercourse together, both shall be guilty of incest ..."
We said:
"It is contended by the appellant that this statute refers only to persons who are blood relations nearer of kin to each other than second cousins, computing by the rule of the civil law. We think this contention must be sustained. The ordinary meaning of the word `kin' is `a blood relation.' See `Kin,' 2 Words & Phrases, p. 1306. Warvelle, Real Property (3d ed.), § 168. The phrase, `Whether of the half or the whole blood,' used in § 2455, indicates quite clearly that the section refers only to kindred of the blood and not kindred by affinity. We are of the opinion, therefore, that this section does not apply."
In In re Field, 169 N.Y. Supp. 677, 182 App. Div. 226, the question was whether four stepchildren were entitled to share in their deceased stepmother's estate under the laws of descent and distribution. The court excluded the stepchildren, saying:
"There is no question presented in this case, therefore, of the half blood, because the four children of her husband, John Stilwell, by his first wife, had none of her blood in their veins, and she was the stock. If one of her children had died intestate, then his share would have descended to each of his four half brothers and sisters and his two whole sisters, because, as to them, he would have been the ancestor, and all would have been of the blood of their common father, John Stilwell. But that situation is not presented."
In re Estate of Paus, 324 Ill. App. 58, 57 N.E. (2d) 212, involved a petition by the children of a sister of decedent's predeceased stepfather that they be declared heirs and next of kin of decedent. Their claim was based on a statute which provided:
"In no case is there any distinction between the kindred of the whole and the half blood."
The court said:
"We find nothing in the statute to justify the construction contended for. Five paragraphs of the statute designate persons who shall take by descent from a deceased person. The provision that distinction `in no case' shall be made *234 between the whole and half blood does not create another class of persons who will take but forbids distinction between the whole and half blood in the case of the persons named who are to take. The rule of the feudal law excluded from the inheritance descendants who were of the half blood. The rule never found favor in this country. The statute therefore expressly repeals that rule. This comes far short of creating another class of persons who are to take and who are not of the blood of the deceased at all. Petitioners' contention is without merit. They have no standing to make their claim. There is a fundamental distinction between persons who are of the half blood and those without inheritable blood at all." (Italics ours.)
[5] The "kindred" mentioned in RCW 11.04.100, whether of the half blood or of the whole blood, are kindred of the intestate. The meaning of the word "kin" is a blood relation. As between a stepchild and a stepparent there is no blood relationship, but only that designated as affinity, the relationship which one spouse, because of marriage, has to blood relatives of the other. Here there was no blood relationship at all between Ernest E. Smith and his two stepdaughters.
[6] RCW 11.04.100 is not applicable to the facts in the case at bar. It prohibits distinction between kindred of the whole blood and of the half blood who are entitled to inherit under the statutes of descent and distribution. The only applicable statutes are RCW 11.04.020 (Fifth), and RCW 11.04.030 (3). The stepdaughters were not decedent's children. He left no children. His only heir-at-law is the respondent, the issue of his deceased child.
In re Sheard's Estate, 181 Wash. 62, 42 P. (2d) 34, and In re Bordeaux's Estate, 37 Wn. (2d) 561, 225 P. (2d) 433, 26 A.L.R. (2d) 249, cited by appellants, dealt with the tie of affinity in connection with statutory classification for inheritance tax purposes, and have no bearing on the disposition of this case.
[7] Appellants contend that they should be treated as decedent's natural children because they were raised by him and were designated as his "children" in his will. No proof was offered that they were lawfully adopted by him. *235 The adoption of an heir is purely statutory, and can be accomplished only by strict compliance with the statute. In re Renton's Estate, 10 Wash. 533, 39 Pac. 145.
The order settling final account and decree of distribution is affirmed. Costs of this appeal will be assessed against Adele Benson and Virginia McAllister Smith only, and not against the estate. The estate had no interest in the appeal.
HAMLEY, C.J., DONWORTH, FINLEY, and OTT, JJ., concur.
NOTES
[1] Reported in 299 P. (2d) 550.