**In re ESTATE of William Fleming HUMPHREY, deceased.**

**Administration No. 115644.**

United States District Court
District of Columbia.

May 24, 1966.

Harold A. Sakayan, Washington, D. C., for Administrator, for the motion.

John G. Saul, Washington, D. C., for cross-petitioner, opposed.

HOLTZOFF, District Judge.

The question presented by this case is whether under the law of the District of Columbia a stepchild is entitled to inherit from a stepparent who died intestate. We answer this question in the affirmative.

William F. Humphrey, a domiciliary of the District of Columbia, died intestate. His wife, Hattie E. Humphrey, had predeceased him. William F. Humphrey left no natural or adopted children surviving him. However, he left a stepdaughter, Maxine L. Tolson, who was a natural daughter of Hattie Humphrey by a prior marriage. Unfortunately the record is very scanty. It was stated in open court at the argument, however, and was not disputed that at the time of her mother's marriage to the deceased, Maxine Tolson was eight years old and was brought up and grew up in her stepfather's and mother's household.

The deceased was also survived by two brothers and by several nephews and nieces, who are the children of the decedent's deceased brothers. One of the nephews, Samuel Humphrey, filed a petition for letters of administration and was appointed administrator of his uncle's estate. The stepdaughter of the deceased, Maxine Tolson, then filed a cross-petition seeking a revocation of the letters of administration theretofore granted to Samuel Humphrey, and asking that she be appointed as administratrix. The administrator moves to dismiss the cross-petition.

The matter now comes before this Court on the motion to dismiss the cross-petition. Its determination depends on the question whether the stepdaughter is entitled to inherit in preference to the brothers and nephews and nieces of the deceased. The question is not free from doubt. There is a dearth of authorities on this point. There are no reported decisions in this jurisdiction discussing the effect of the local legislation on this subject.

It is undisputed that at common law a stepchild did not inherit from his step-

parent. No doubt this rule originated from the fact that the common law of descent and distribution was based on feudal tenures. The ultimate query is whether local statutes have changed the law in this respect. A great deal of the American law of descent and distribution has gradually become statutory, pursuant to a tendency to modify some of the rigorous and inflexible doctrines of the common law.

The following are the pertinent provisions of the District of Columbia Code, 1961 Edition, Supp. V (1966):

> Section 19–306. When the intestate leaves children and no other descendants, the surplus is divided equally among them.

> Section 19–315. There is no distinction between the kindred of the whole- and the half-blood.

The problem becomes whether the abolition of the common law distinction between kindred of the whole- and half-blood enables stepchildren to inherit from stepparents. It will be observed that the statute is phrased in broad, sweeping terms and contains no limitations. It applies wherever a question arises as to relative rights of persons of the whole-blood or half-blood. The abrogation of any legal distinction between kindred of the whole and half-blood, may arise in situations of various types. One that is analogous to that presented in the instant case is where the deceased marries a widow or divorcee with a child or children; a child or children are later born of the second marriage; the wife dies first; and then the deceased dies intestate. At common law only the children of the second marriage would have inherited from the father. The statute, however, provides that "There is no distinction between the kindred of the whole- and the half-blood." It would seem to follow that no distinction may be drawn between the children of the mother's two marriages, because the two groups of children are kindred of the half-blood to each other. The conclusion would seem to follow that they inherit equally from their mother's second husband. No reason is discernible why a different conclusion should be reached if the deceased leaves only a stepchild and had no natural child of his own.

█ It is argued, however, that a stepchild is not either of the whole-blood or of the half-blood of the stepparent and that the statutory provision abolishing the distinction between kindred of the whole and the half-blood, should be limited to collateral kindred. It is urged that consequently, for example, half brothers and half sisters may inherit equally with full-blood brothers and sisters from one of themselves but not from the stepparent, since the stepchildren are not of either the whole or half-blood of the stepparent, but of no blood at all as concerns the stepfather. The statute, however, contains no such limitation. It provides that there should be no distinction between kindred of the whole or half-blood. The provision is not restricted to particular types of situations. It governs whenever there arises a problem of reciprocal rights as between persons of the whole and half blood. Wherever such a situation is confronted irrespective of its form, no distinction may be made.

To confine the statute to collaterals when they inherit from each other would be too narrow a view. It would disregard the broad scope of the phraseology of the statute. It would put a more restricted interpretation on the Act of Congress than its phraseology warrants. There is no suggestion in the statute that it should be limited to distribution of decedent's property among his collateral kindred.

Counsel for the administrator relies principally on a decision of the Supreme Court of the State of Washington, In the matter of Smith's Estate, 49 Wash.2d 229, 299 P.2d 550. That case, however, is distinguishable because it construes and applies a statute that is substantially different from the broad District of Columbia Act. The Washington statute is a limited recognition of kindred of the half-blood only in certain instances, and not for all purposes, as is true of the District of Columbia enactment.

So, too, In re Wall's Will, 216 N.C. 805, 5 S.E.2d 837, also cited by counsel for the administrator, is not apposite, because the statute there involved was expressly limited to *"collateral* relations of the half-blood" (Emphasis supplied.) Gen.Statutes of North Carolina (1950) Vol. 2A, c. 29–1, Rule 6, p. 111.

Thus authorities referred to by counsel for the Administrator deal with statutes of a different kind from the broad law of the District of Columbia.

 The conclusion follows that under the District of Columbia statute, a stepchild may inherit from a stepparent who dies intestate. The construction being placed by this Court on the District of Columbia law, is not only a necessary conclusion from the broad language of the statute, but is also in accord with public policy, as evidenced by the trend of modern Congressional legislation. The tendency of recent Congressional enactments in different situations, is to recognize stepchildren as having the same rights as natural children.

Thus the Longshoremen's and Harbor Workers' Compensation Act (which is also the Workmen's Compensation Act for the District of Columbia), provides that the term "child" shall include "stepchild", 33 U.S.C. § 902 (14). The Civil Service Retirement Act defines the term "child" in connection with the provision relating to survivors' annuities as including "stepchild", 5 U.S.C. § 2251(j). The provisions of the Social Security Act relating to old age, survivors' and disability insurance, define the term "child" as including "stepchild" who had been such for not less than one year immediately preceding the day on which an application for child's insurance benefits is filed, 42 U.S.C. § 416(e).

It may perhaps be said that when Congress intended that the term "child" should include "stepchild", it explicitly so stated. On the other hand, it may perhaps be said with equal force that the purpose of the express provisions was to allay any doubt as to the intention of Congress to include stepchildren in the definition of children and thereby avoid controversy. These statutes are cited here merely for the purpose of indicating that it is the modern public policy of Congress to accord to stepchildren the same rights as to natural children.

In the light of the foregoing discussion, the Court concludes that under the law of the District of Columbia, i. e., the provisions of Section 19–306 and 19–315 of the District of Columbia Code, a stepchild may inherit from a stepparent who dies intestate.

The Administrator's motion to dismiss the cross-petition is denied.