[Civ. No. 445.   Third Appellate District.—May 27, 1908.]

In the Matter of the Estate of ISABELLA HILL, Deceased. JOHN HILL, Petitioner for Letters, Appellant, CHARLES F. McCANN and GEORGE M. CONNICK, Administrator, Respondents.

ESTATES OF DECEASED PERSONS—ADMINISTRATION—RIGHT TO LETTERS—PREFERENCE OF BROTHER OF DECEASED SPOUSE OVER NEXT OF KIN. Under section 1386, subdivision 8, of the Civil Code, as amended March 18, 1907, construed with section 1365 of the Code of Civil Procedure as amended March 18, 1907, the brother of a previously deceased spouse of the decedent, when entitled to succeed to some portion of the real and personal estate of the decedent, and of the separate and common property involved, is entitled to letters of administration in preference to nephews, who are the next of kin of the decedent.

APPEAL from an order of the Superior Court of Humboldt County, granting letters of administration. E. W. Wilson, Judge.

The facts are stated in the opinion of the court.

A. W. Hill, for Appellant.

Gregor & Connick, for Respondents.

CHIPMAN, P. J.—This is an appeal from an order appointing respondents administrators of the estate of deceased, Isabella Hill.

It appears that Stephen Hill and Isabella Hill were married in 1865; that Stephen died intestate and without issue of the marriage, December 25, 1906, in the county of Humboldt, leaving quite a large estate therein; that his surviving wife was duly appointed administratrix of his estate January 29, 1907, and died intestate and without issue December 26, 1907; that the said Isabella, as administratrix, filed her inventory and appraisement of the estate of her deceased husband on February 12, 1907, showing said estate to consist of personal and real property, of which $90,000 was reported as real estate and separate property and $13,428.61 was community property. Of this latter item $7,868.61 was personal property and $5,560 was real property. It appeared, also, that during her administration real estate had been sold to the amount of $1,160, and that $160 of personal property had been set apart to the widow; $2,400 had been paid out on account of family allowance; $927.65 for payment of claims, including funeral expenses and of last illness, and $750 for a monument to decedent.

There had been no decree of distribution and no account of any kind rendered or settled. Notice to creditors had been ordered, but it did not appear whether such notice had been given or whether the time for the presentation of claims had expired.

Stephen Hill died without father or mother, and Isabella died without father, mother, brother or sister.

The matter was heard upon the petition of appellant, brother of Stephen Hill, deceased, and the petition of respondents, nephews of deceased, Isabella Hill.

Appellant specifies insufficiency of the evidence to justify the decision denying the petition of John Hill, in this, that Isabella Hill died, a widow, without father, mother, brother or sister, leaving as part of her estate an undivided interest in the estate of her deceased husband, and that appellant is a brother to said Stephen; that the evidence is insufficient, because petitioners McCann and Connick are nephews of

decedent, Isabella, while petitioner, John Hill, is brother of deceased, Stephen Hill.

For like reasons the decision is specified to be against law. The sole question is, Was the brother of Stephen Hill entitled to letters in preference to the nephews of Isabella.

Section 1386, subdivision 8, of the Civil Code, as amended March 18, 1907 (Stats. 1907, p. 567), provides as follows: "If the deceased is a widow, or widower, and leaves no issue, and the estate, or any portion thereof, was common property of such decedent and his or her deceased spouse, while such spouse was living, such property goes in equal shares" to his or her children and their descendants, and if none, then one-half to the father and mother in equal shares, or if both be dead then to the brothers and sisters and their descendants, "and the other half goes to the father and mother of such deceased spouse in equal shares, . . . or if both be dead, then in equal shares to the brothers and sisters of such deceased spouse and to the descendants of any deceased brother or sister by right of representation." A different disposition is made of the separate property, for by this subdivision 8 all the separate property of the deceased spouse which came to decedent by descent goes, in the case here, "in equal shares to the brothers and sisters of such spouse and to the descendants of any deceased brother or sister by right of representation."

It will be seen, therefore, that appellant is entitled to succeed to some portion of both the real and personal estate of the decedent and of both the separate and common property involved.

Section 1365 of the Code of Civil Procedure, prescribing the order in which certain persons are entitled to administer, was amended March 18, 1907 (Stats. 1907, p. 566), as follows: "This section shall apply to the relatives of the previously deceased spouse of decedent when entitled to succeed to some portion of the estate under subdivision 8 of section 1386 of the Civil Code." Prior to this amendment the section applied only to the relatives of the deceased, but by this amendment it now applies also to the relatives of the previously deceased spouse.

It will be observed that by the amendment, the section now applies to relatives of the previously deceased spouse of de-

cedent "when entitled to succeed to some portion of the estate," whereas, by the first paragraph of this section, the relatives of the deceased are "entitled to administer only when they are entitled to succeed to his personal estate or some portion thereof." It is not necessary in the present case to determine whether or not this latter provision applies to appellant, for he is shown to be entitled to succeed to some portion of both the personal property of decedent as well as to a portion of the realty. It is urged, however, that appellant failed to establish any interest in the personal property of decedent because her estate is not closed and distributed, and hence it cannot be known whether, upon final distribution, there will be left any personal estate for distribution. This cannot be the test, for if it were it would apply equally to the relatives of decedent, and neither they nor the relatives of the previously deceased spouse would be qualified to apply for letters. Manifestly, there was some personal estate (the amount is not material) to which appellant succeeded at the death of decedent, and this satisfies the statute.

By the provisions of section 1365, Code of Civil Procedure, the brothers are fourth in order of precedence and the next of kin are seventh. As the amended section applies equally "to the relatives of the previously deceased spouse of decedent," the order of precedence must necessarily so apply, and clearly, in our opinion, the order prescribed by the statute must be followed; and this gives the brothers precedence over the next of kin, whether they be "relatives" of decedent or of the deceased spouse.

The order is reversed.

Burnett, J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 24, 1908.