[S. F. No. 8788. Department One.—February 7, 1919.]

In the Matter of the Estate of ISABELLA HILL, Deceased. GEORGE M. CONNICK, Administrator, et al., Appellants, v. ARTHUR W. HILL et al., Respondents.

ESTATES OF DECEASED PERSONS—HUSBAND AND WIFE—COMMON AND SEPARATE PROPERTY—DEATH OF BOTH SPOUSES INTESTATE—SUCCESSION.—Where a husband died intestate leaving neither issue nor descendants thereof, nor father nor mother, upon the death of his widow dying intestate, to the estate of whom had been distributed one-half of his separate property and three-quarters of the common property, the husband's two surviving brothers and one surviving sister, and the descendants of his two predeceased brothers and of his predeceased sister, were entitled, under the first paragraph of subdivision 8 of section 1386 of the Civil Code to one-half of the community property, and under the second paragraph of said section to all of the separate property, which together con-

stituted the widow's share in her husband's estate, in preference to the blood relatives of the wife.

ID.—SUBDIVISION 8, SECTION 1386, CIVIL CODE—CONSTITUTIONALITY OF. Subdivision 8 of section 1386 of the Civil Code, as amended in 1907, is not unconstitutional, as being an arbitrary classification not requiring legislation peculiar to the class affected and constituting inhibited special legislation. Such legislation is neither local nor special within the meaning of the constitution.

ID.—INHERITANCE—LEGISLATIVE POWER OVER.—The right of an heir to his inheritance depends upon positive law, and is not a natural or an absolute right. It is competent for the legislature to change the rule of inheritance, or to restrict the testamentary power.

APPEAL from a decree of partial distribution of the Superior Court of Humboldt County. George D. Murray, Judge. Affirmed.

The facts are stated in the opinion of the court.

Coonan & Kehoe, for Appellants.

A. W. Hill, for Respondents.

LAWLOR, J.—This is an appeal by the administrator of the above-entitled estate and other blood relatives of the decedent from a decree of partial distribution.

Stephen Hill and Isabella Hill were husband and wife. On December 25, 1906, the former died intestate, leaving separate and community property. He left neither issue nor descendants thereof, nor father nor mother. His surviving blood relatives consisted of two brothers, one sister, and the descendants of two predeceased brothers and one predeceased sister. In the estate of Stephen Hill the court decreed that the estate of Isabella Hill was entitled to one-half of the separate and three-quarters of the community property. (Civ. Code, secs. 1386, 1402.)

The decedent died intestate on December 26, 1907, leaving neither issue nor descendants thereof, nor father nor mother. She left, as surviving blood relatives, the descendants of one predeceased brother and six predeceased sisters. Her estate consisted of the above indicated share in the estate of Stephen Hill and other property which constituted her separate estate during his lifetime. The decedent remained unmarried after

the death of Stephen Hill. She was the administratrix of the estate of Stephen Hill, but at the date of her demise his estate had not been closed. A son of one of Stephen Hill's predeceased brothers died on November 6, 1907. With this exception all of the surviving blood relatives of Stephen Hill survived the decedent.

Other than a daughter of one of the predeceased brothers of Stephen Hill, and the instances in which certain assignments were made, all of the indicated blood relatives of Stephen Hill joined in the petition for partial distribution. The petitioners prayed that there be distributed to them, in proper proportions, one-half of the community property and all of the separate property which had been decreed to the estate of the decedent in the estate of Stephen Hill. The petition was based upon subdivision 8, section 1386, of the Civil Code. No other property either in the estate of the decedent, or of Stephen Hill, was involved in the proceeding. The petition was opposed by the blood relatives of the decedent upon the ground that the blood relatives of Stephen Hill were not entitled to the property, but that on the death of the decedent it descended to her blood relatives. The court granted the petition and the decree was made accordingly.

Two other appeals have been heard and determined in the estate of Isabella Hill (8 Cal. App. 286, [96 Pac. 918]; 167 Cal. 59, [138 Pac. 690]). The first involved the question of the right of a statutory heir to administer upon the estate of the decedent, and the second whether certain property belonged to the separate estate of Stephen Hill or was a part of the community.

The present appeal is taken to test the constitutionality of subdivision 8 of section 1386 of the Civil Code, under which the decree was made. That section, as amended in 1907, reads as follows:

"8. If the deceased is a widow, or widower, and leaves no issue, and the estate, or any portion thereof, was common property of such decedent and his or her deceased spouse, while such spouse was living, such property goes in equal shares to the children of such deceased spouse and to the descendants of such children by right of representation, and if none, then one-half of such common property goes to the father and mother of such decedent in equal shares, or to the survivor of them if either be dead, or if both be dead, then in

equal shares to the brothers and sisters of such decedent and to the descendants of any deceased brother or sister by right of representation, and the other half goes to the father and mother of such deceased spouse in equal shares, or to the survivor of them if either be dead, or if both be dead, then in equal shares to the brothers and sisters of such deceased spouse and to the descendants of any deceased brother or sister by right of representation.

"If the estate, or any portion thereof, was separate property of such deceased spouse, while living, and came to such decedent from such spouse by descent, devise, or bequest, such property goes in equal shares to the children of such spouse and to the descendants of any deceased child by right of representation, and if none, then to the father and mother of such spouse, in equal shares, or to the survivor of them if either be dead, or if both be dead, then in equal shares to the brothers and sisters of such spouse and to the descendants of any deceased brother or sister by right of representation." (Stats. 1907, p. 567.)

In 1880, section 1386 provided for the first time for the inheritance by the heirs of a deceased spouse of the community property of the widow or widower (Amdts. to Civil Code 1880, p. 14). This original subdivision read:

"9. If the decedent be a widow or widower, and leave no kindred, and the estate, or any portion thereof, was common property of such decedent, and his or her deceased spouse, while such spouse was living, such common property shall go to the father of such deceased spouse, or if he be dead, to the mother. If there be no father nor mother, then such property shall go to the brothers and sisters of such deceased spouse, in equal shares, and to the lawful issue of any deceased brother or sister of such deceased spouse, by right of representation."

The above subdivision, through an error, was designated No. 9. This was corrected in 1905 (Stats. 1905, p. 607) and the separate property of the deceased spouse which had gone to the widow or widower, by descent, devise or bequest was added to the inheritance of the heirs of such deceased spouse, thus:

"8. If the decedent is a widow or widower, and leaves no issue, and the estate or any portion thereof was common property of such decedent and his or her deceased spouse, while such spouse was living, or was separate property of his or her deceased spouse, while such spouse was living, such

property goes to the children of such deceased spouse and the descendants thereof, and if none, then to the father of such deceased spouse, or if he is dead, to the mother. If there is no father nor mother, then such property goes to the brothers and sisters of such deceased spouse, in equal shares, and to the lawful issue of any deceased brother or sister of such deceased spouse by right of representation."

It is clear that Stephen Hill having died intestate, leaving neither issue nor descendants thereof, nor father nor mother, his two surviving brothers and one surviving sister, and the descendants of his two predeceased brothers and of his predeceased sister, were entitled, under the first paragraph of subdivision 8, to one-half of the community property, and, under the second to all of the separate property, which together constituted the widow's share in the estate of Stephen Hill.

The appellants do not contend that the decree does not conform to the provisions of subdivision 8, as amended in 1907. Their contention is that the subdivision is unconstitutional, and that, therefore, the property in question should have been decreed to the surviving blood relatives of the decedent under "the general rules of distribution."

The twelfth, thirtieth, and thirty-third subdivisions of article IV, section 25, of the constitution are cited in the brief of appellants in support of the claim that the amended subdivision is unconstitutional. Those provisions declare: The legislature shall not pass local or special laws in any of the following enumerated cases, that is to say: Twelfth—Affecting the estates of deceased persons, minors, or other persons under legal disabilities. Thirtieth—Changing the law of descent or succession. Thirty-third—In all other cases where a general law can be made applicable.

In the brief of appellants it is argued that the change from leaving "no kindred" to leaving "no issue" is arbitrary, and the effect of the change in the predicate is discussed at length. The point is made that singling out widows and widowers, dying without issue, is a discrimination against such widow or widower so far as property inherited from the deceased spouse is concerned. The point is also made that under the subdivision the issue of the widow or widower may be begotten by a person other than the "deceased spouse." It is further insisted that the classification "is not such as to require legis-

lation peculiar to such class." "In other words," says the brief, "it is clearly an arbitrary classification and constitutes special legislation."

But the answer to these claims of unconstitutionality is in the nature and scope of the power of the legislature itself in respect to descents, succession, and kindred subjects. The legislation is neither local nor special within the meaning of the constitution. (Sec. 25, art. IV.)

It is of general application and operates uniformly upon all persons within the same class. The subject is one of purely legislative cognizance and control, and we cannot conceive of any theory upon which it can be declared unconstitutional.

It was said in *Brenham* v. *Story*, 39 Cal. 185: "The right of an heir to his inheritance depends upon positive law, and is not a natural or an absolute right. It is competent for the legislature to change the rule of inheritance, or to restrict the testamentary power."

To the same effect, quoting from the syllabi in *McCaughey* v. *Lyall*, 152 Cal. 615, [93 Pac. 681]: "The legislature has full control of the whole subject of heirships and descents, and the heirs take subject to the conditions imposed by the statutory law, which alone gives them any right at all." (See *Estate of Stanford*, 126 Cal. 112, [45 L. R. A. 788, 54 Pac. 259, 58 Pac. 462].)

In *Estate of Brady*, 171 Cal. 3, [151 Pac. 275], a case involving community property within the purview of subdivision 8, it was said: " 'It must have been foreseen by the legislature that many years would usually elapse between the deaths of the respective spouses. The apparent object of subdivision 8, where both spouses die without lineal descendants, is to provide for the inheritance of the property equally by the respective families of the two spouses by whose efforts it was accumulated.' "

In *Estate of Watts, ante*, p. 20, [175 Pac. 415], the decedent, a widow, left a will disposing of community property. Her husband had died intestate. Neither left issue nor father nor mother. Their respective survivors were brothers and sisters and children of predeceased brothers and sisters. The will bequeathed the property "to my heirs and to be distributed to them according to law." The lower court granted distribution to the blood relatives of the testatrix, refusing to recognize the claims of the blood relatives of the deceased hus-

band.   The judgment was reversed on this ground, this court holding that when the testatrix gave the property to her heirs she adopted, for the purposes of her testamentary disposition, the statute of succession.

The decedent herein could have made testamentary disposition of the property, for the subdivision is applicable only in cases of intestacy.   (*Estate of Brady, supra; Estate of Wenks,* 171 Cal. 607, [154 Pac. 24].)   This she did not elect to do, and we perceive no reason for holding that the rule of succession presented by subdivision 8 is in any sense unconstitutional.

Decree affirmed.

Shaw, J., and Sloss, J., concurred.