[L. A. No. 1313. Department One.—October 3, 1903.]

In the Matter of the Estate of HENRY K. WINCHESTER, Deceased. S. HERBERT HOWE et al., Executors, et al., Appellants, v. THE PEOPLE, Respondent.

ESTATES OF DECEASED PERSONS—COLLATERAL INHERITANCE TAX—EXCEPTION—CHILDREN OF ADOPTED DAUGHTER.—Legacies in trust for the benefit of the children of the adopted daughter of a deceased testator are excepted from the provisions of the law establishing a tax upon "collateral inheritances, bequests, and devises."

APPEAL from order of the Superior Court of Santa Barbara County fixing an inheritance tax. W. S. Day, Judge.

The facts are stated in the opinion of the court.

Richards & Carrier, for Appellants.

U. S. Webb, Attorney-General, George A. Sturtevant, Deputy Attorney-General, and E. W. Squier, District Attorney, for Respondent.

VAN DYKE, J.—The appeal is taken in this case from that part of the order of the court below made and entered in the above-entitled estate, fixing the inheritance tax upon the legacies to S. Herbert Howe in trust for Mary Winchester Fay, William Burbank Fay, Henry Harold Evans, and Laura Evangeline Evans, the children of Laura Evans, the adopted daughter of the decedent, Henry K. Winchester. The act under which the tax is imposed is entitled: "An act to establish a tax on collateral inheritances, bequests, and devises," etc., approved March 23, 1893, (Stats. 1893, p. 193).

The question presented in the case is whether these legacies come within the provisions of that act. Among those excepted from its provisions in addition to the father, mother, husband, wife, lawful issue, etc., are "any child or children adopted as such in conformity with the laws of the state of California" and "any lineal descendant of such decedent born in lawful wedlock." The question is, then, whether children

of an adopted child come within the meaning of any of the
excepted classes above enumerated. The Civil Code, on the
subject of adoption, provides that the judge, upon adoption,
must make an order that the child shall thenceforth be re-
garded and treated in all respects as the child of the person
adopting. (Civ. Code, sec. 227.) "A child, when adopted, may
take the family name of the person adopting. After adop-
tion, the two shall sustain towards each other the legal rela-
tion of parent and child, and have all the rights and be sub-
ject to all the duties of that relation." (Civ. Code, sec. 228.)
Referring to these provisions in connection with section 1386
of the same code, this court, in *In re Newman's Estate,* 75
Cal. 219,[1] said: "The language is general and comprehensive.
The use of the word 'issue' in section 1386 does not limit the
right of inheritance to the natural children only. That sec-
tion prescribes the rule of inheritance. The word 'issue' is
there used in the same sense as the word 'child' and 'chil-
dren.' If the adopted child is by virtue of its *status* to be 're-
garded and treated in all respects as the child of the person
adopting' and is to 'have all the rights and be subject to all
the duties of the legal relation of parent and child,' the
right to succeed to the estate of the deceased parent must be
included." (Citing *Estate of Wardell,* 57 Cal. 491, and *Ross*
v. *Ross,* 129 Mass. 247.[2]) In *Pierce* v. *Rickard,* 18 R. I. 142,[3]
it was held that by the well-settled current of authority the
word "issue" includes all descendants, and as the statute
gives to an adopted child the *status* of a descendant, all the
legal consequences and incidents thereof follow, the same as
though the child was born in lawful wedlock. (*Hartwell* v.
*Tefft,* 19 R. I. 646.) In *Warren* v. *Prescott,* 84 Me. 483,[4]
it was held that a legally adopted child is a lineal descendant
of its adopting parents; and if, as declared by the Civil Code,
an adopted child is to be "regarded and treated in all re-
spects as the child of the person adopting," and the two
"sustain towards each other the legal relation of parent
and child, and have all the rights and be subject to all the
duties of that relation," it must follow that the children of
such adopted child take by inheritance as issue of the adopt-

[1] 7 Am. St. Rep. 146.
[2] 37 Am. Rep. 321.
[3] 49 Am. St. Rep. 755.
[4] 30 Am. St. Rep. 370.

ing father. (*Power* v. *Hafley,* 85 Ky. 671; *Atchison* v. *Atchison's Executors,* 89 Ky. 488; *Gray* v. *Holmes,* 57 Kan. 220.) Otherwise, the child adopted and the adopting parent would not sustain towards each other the relation of parent and child. (*Pace* v. *Klink,* 51 Ga. 221.) In the *Estate of Wardell,* 57 Cal. 491, it is said: "The term 'child' as used in Civil Code, section 1307, of the law of descent and succession must relate to *status,* not to origin."

These considerations, we think, dispose of the question involved, for the reason that the statute under consideration is to be construed *in pari materia* with the provisions of the Civil Code regulating succession, and, therefore, it is to be inferred that the term "issue" is used in the same sense, and, as declared in the Civil Code in reference to adoption, there can be no ground of distinction between the case of an adopted child and a natural child. The language seems to be too plain to leave any doubt in that respect. Again, the act under which the taxes were imposed by the court below in its title relates to "collateral inheritances, bequests, and devises" only, and under the provisions of the constitution its effects must· be limited to the subjects thus described. This would exclude successions or bequests to children and grandchildren, whether adopted or natural, for clearly they are not collateral, but in a direct line. The cases cited by respondent (*In re Miller,* 110 N. Y. 221, and the decision of the surrogate in *Estate of Bird,* 11 N. Y. Supp. 897) cannot be considered as controlling authority in this case, for the reason that the statute on the subject in that state is in some respects different from ours, and they are in conflict with the more liberal principles expressed in the decisions already referred to.

The portion of the order appealed from is reversed and the cause remanded, with directions to the court below to enter an order adjudging the legacies in question not to be subject to the tax.

Shaw, J., and Angellotti, J., concurred.