[Civ. No. 2648. Third Appellate District.—December 31, 1923.]

In the Matter of the Estate of ERVIN L. HUNSICKER, Deceased. STELLA MAY HALTERMAN et al., Appellants, v. GEORGE FELLENCER et al., Respondents.

[1] ESTATES OF DECEASED PERSONS — PRETERMITTED HEIRS — ADOPTION—JURISDICTION—EVIDENCE.—In a proceeding instituted by an alleged pretermitted child of the testator, in opposition to a petition for distribution of the estate, the beneficiaries under the will having introduced proof of the law of a sister state pertaining to adoption, and they having also introduced a decree of the court of that state, the recitals of which showed that, in the matter of the adoption of said child in that state by a stranger, all the jurisdictional requirements had been met, it must be held that the court of such sister state acquired jurisdiction and, in the absence of a contrary showing, it must be presumed that all proceedings in the exercise thereof were lawfully done.

[2] ID.—ADOPTION—PAROL EVIDENCE.—In such a proceeding, where the record evidence of the adoption is complete, and nothing is presented to overcome such proof, the error, if any, in admitting parol evidence to prove the adoption is harmless.

[3] ID.—DEATH OF FOSTER FATHER—PARENT AND CHILD—RESTORATION OF NATURAL RELATION.—The death of the foster father does not restore the natural relation of parent and child so as to make the adopted child an heir of his natural father.

[4] ID. — SETTING ASIDE OF SUBMISSION — ADDITIONAL EVIDENCE. — ABSENCE OF PREJUDICE.—In a proceeding in opposition to a petition for distribution of an estate, after the case had been argued and ordered submitted, it is not error for the court, of its own motion, to set aside the submission "for the purpose of allowing either side to introduce further evidence" and thereafter, over the objection of contestants, to grant several continuances and to permit proponents to introduce additional evidence, where it does not appear that the rights of contestants were in any manner affected by the course pursued, except that it permitted proponents to introduce evidence material to the issues involved.

1. Right of inheritance within state of child adopted under laws of another state, notes, 16 Ann. Cas. 779; Ann. Cas. 1916B, 94; Ann. Cas. 1918B, 1028.

[5] ID.—CHILDREN OF ADOPTED CHILD—PRETERMITTED HEIRS.—The children of an adopted child are not legal heirs of the natural father of said adopted child; and the omission of said natural father to provide in his will for such children, or to show that such omission was intentional, will not give them the right to inherit under the provisions of section 1307 of the Civil Code.

APPEAL from a judgment of the Superior Court of Modoc County. J. M. Jamison, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. T. Sharp and J. S. Henderson for Appellants.

Robnett & Wylie for Respondents.

FINCH, P. J.—In the year 1884 Ervin L. Hunsicker and Emma J. Hunsicker, his wife, and their only child, Stella May Hunsicker, then of the age of about three years, were residents of Monroe County, Pennsylvania, as was also Andrew S. Hinton. In that year, by a proceeding in the court of common pleas in that county, and with the consent of the parents of the child, Hinton duly adopted said Stella May Hunsicker as his child and heir, the decree of the court providing "that the said child shall assume the name of Stella May Hinton, and have all the rights of a child and heir of the said Andrew S. Hinton, and be subject to the duties of a child." It appears from the record, at least inferentially, that Hinton was married and living with his wife at the time of the adoption proceedings. It does not appear whether she consented to the adoption by her husband of the child. The child lived with the Hintons as their adopted child until her marriage in the year 1902 to Ralph A. Halterman. Mary E. Halterman and Ralph A. Halterman, hereinafter mentioned, are the only issue of such marriage. The Hintons had no child of their own blood and, from certain evidence admitted in the instant

---

5. Who inherits from an adopted child, notes, 118 Am. St. Rep. 688; Ann. Cas. 1916C, 757; 43 L. R. A. (N. S.) 1062.

Rights of adopted children under wills, notes, 118 Am. St. Rep. 684; 17 L. R. A. 437; 27 L. R. A. (N. S.) 1158; L. R. A. 1918B, 905.

case, it is to be inferred that upon their deaths Mrs. Halterman succeeded to the estates of her adopted parents.

Hunsicker and his wife were divorced, whether before or after the adoption proceedings does not appear. He came to California, where he died November 25, 1918, leaving an estate consisting of personal property of the appraised value of $5,535.52, situate in this state. By his last will, executed in this state, he gave all of his property to strangers in blood, except one dollar each to his brothers and sisters. The will does not mention Mrs. Halterman or her children nor does it contain any language to indicate that the omission to mention them was intentional.

In due course of administration a petition for distribution of the estate was filed by the beneficiaries under the will, whereupon Mrs. Halterman appeared in opposition to the petition and prayed that the whole estate be distributed to her as a pretermitted child, and the only surviving child, of decedent. A separate opposition was filed by the guardian *ad litem* of the two Halterman children, alleging that their mother "was adopted in the state of Pennsylvania in the year 1884," and praying that the whole estate be distributed to them as the pretermitted grandchildren of decedent. The court found in favor of the beneficiaries under the will and distributed the estate to them. Both Mrs. Halterman and the guardian *ad litem* of her children have appealed.

[1] In support of the appeal of Mrs. Halterman it is urged that "there is an utter and complete lack of some of the jurisdictional facts required" in the adoption proceedings; that it does not appear that Hinton was ten years older than the child adopted, that his wife gave her consent to the adoption, or that any of the parties to the proceedings were residents of the county where such proceedings were had. The written assent of Hunsicker to the adoption, duly acknowledged by him, recites that he and Hinton were both residents of Monroe County, Pennsylvania. This written assent was attached to the verified petition of Hinton which recited that he and Hunsicker were both residents of Monroe County and that the petition was signed by Emma J. Hunsicker, and prayed for a decree of adoption. This petition was signed by Emma J. Hunsicker. The decree recites that it was made "with the

consent of the parents of said Stella May Hunsicker.''
The foregoing are the only jurisdictional facts required
by the Pennsylvania statute in force at the time of the adop-
tion, as appears by the evidence introduced at the hearing
herein in the trial court. A witness for the beneficiaries
under the will testified that the following law was the ''only
one pertaining to adoption'' in force in the state of Pennsyl-
vania at the time of the adoption: ''That it shall be law-
ful for any person desirous of adopting any child as his
or her heir . . . to present his or her petition to such court
in the county where he or she may be resident, declaring
such desire, and that he or she will perform all the duties
of a parent to such child; and such court, if satisfied that
the welare of such child will be promoted by such adoption,
may, with the consent of the parents or surviving parent of
such child, . . . decree that such child shall assume the
name of the adopting parent, and have all the rights of a
child and heir of such adopting parent, and be subject to the
duties of such child, of which the record of the court shall be
sufficient evidence. Provided, that if such adopting parent
shall have other children, the adopted shall share the in-
heritance only as one of them in case of intestacy; and he,
or she, or they shall respectively inherit from and through
each other, as if all had been the lawful children of the
same parent.'' It will be observed that the statute con-
tains no provision to the effect that the adopting parent
must be ten years older than the child adopted and, if it did
so provide, it would not be a violent assumption, after
the lapse of so many years, that Hinton was more than
thirteen years of age when he adopted the three year old
child. The statute is silent, also, as to whether the consent
of the adopting parent's spouse is necessary. Proof that
the statute quoted was the only Pennsylvania law on the-
subject of adoption in the year 1884 rebuts any presump-
tion that the laws of that state were the same as those of
California relative to the respective ages of the adopting
parent and the child adopted or to the necessity of a wife's
consent to an adoption by her husband. Whether or not
the construction given the statute by the courts of Pennsyl-
vania is other than persuasive, it may be interesting to
note that the decisions of that state seem to recognize that
one parent may adopt a child without the consent of the

other. (*In re Carroll's Estate,* 219 Pa. 440 [123 Am. St. Rep. 673, 68 Atl. 1038]; *Nulton's Appeal,* 103 Pa. St. 286.) Since everything required by the statute is made to appear, it must be held that the court acquired jurisdiction. When jurisdiction has been acquired by an inferior court, "all proceedings in the exercise thereof are presumed to have been lawfully done, unless the contrary is shown." (*Estate of Sharon,* 179 Cal. 458 [177 Pac. 288].)

[2] It is contended that the court committed error in admitting parol evidence to prove the adoption. The record evidence of the adoption was complete and nothing was presented to overcome such proof. The necessary conclusion from such evidence is that the child was regularly adopted by Hinton and, since the exclusion of the parol evidence could not have changed the result, its admission, if error, was harmless.

[3] It is urged that upon the death of Hinton the natural relation of parent and child between Hunsicker and Mrs. Halterman was restored and that, therefore, upon the subsequent death of Hunsicker, Mrs. Halterman became his sole heir. In support of this contention the dissenting opinion in *Estate of Jobson,* 164 Cal. 312, 318 [43 L. R. A. (N. S.) 1062, 128 Pac. 938]), is cited. The majority opinion and the decision of the court in that case, however, are contrary to appellant's contention. In the majority opinion, page 317, it is said: "There is nothing in the statute which limits the effect of the adoption to the period of the lives of the adopting parent and the adopted child. To sustain the appellants' contention we should have to hold that, although the relation of parent and child existing between him and the decedent was supplanted by the new relation created by the adoption, it was again revived by the death of the foster parent. Such a holding would be to make, rather than to construe, a statute." The same observation may be made relative to the Pennsylvania statute in question.

[4] After the case had been argued and ordered submitted the court, of its own motion, set the submission aside "for the purpose of allowing either side to introduce further evidence." Thereafter several continuances were granted and additional evidence was introduced, all over the objections of appellants. It is urged that the court

erred in so setting aside the order of submission and in granting such continuances. It does not appear that the rights of appellants were in any manner affected by the course pursued, except that it permitted respondents to produce evidence material to the issues involved. Appellants' contention is without merit. (*Badover* v. *Guaranty Trust etc. Bank,* 186 Cal. 775 [200 Pac. 638].)

[5] It is contended that the Halterman children are the legal heirs of decedent and that since they are not mentioned in the will they are entitled to have the estate distributed to them under the provisions of section 1307 of the Civil Code. That section provides: "When any testator omits to provide in his will for any of his children, or for the issue of any deceased child, unless it appears that such omission was intentional, such child, or the issue of such child, has the same share in the estate of the testator as if he had died intestate." These children are not "the issue of any deceased child," their mother being now living. It is argued that "the logical reasoning for the courts to pursue would be to hold that the adopted child would be considered civilly dead so far as the rights of her children are concerned." To so hold would be to make a statute rather than to construe the one made by the legislature. Appellants say that adoption proceedings have "nothing to do whatever with the rights of any persons except parties to the adoption proceedings, that is, the natural parents, the adoptive parents and the child." If by this statement it is intended to imply that the children of an adopted child are not heirs of the adoptive parent, it may be said in reply that the courts have held to the contrary. (*Estate of Winchester,* 140 Cal. 468 [74 Pac. 10]; *In re Darling,* 173 Cal. 221, 225 [159 Pac. 606].) A statute of Pennsylvania, enacted in 1889 (P. L. 168), provided, as does the statute herein quoted, that an adopted child "shall have all the rights of a child and heir of such adopting parent." In construing that statute it was held that it invested the adopted child with the right to become the heir at law of the adopting parent, including the right of succession in the children of such adopted child. (*In re Webb's Estate,* 250 Pa. 179 [95 Atl. 419].) Since the Halterman children's alleged right of succession comes through their mother, it seems to follow logically that if their mother did not have

the right to inherit the decedent's estate the children did not have the right.

The judgment is affirmed.

Plummer, J., and Hart, J., concurred.