[Civ. No. 5395. Third Appellate District.—June 21, 1935.]

In the Matter of the Estate of EDGAR MOORE, Deceased. WILLIE MOORE McDOUGLE, Appellant, v. MARY AGALICE MOORE ALLNETT, Respondent.

George Mordecai for Appellant.

Mason A. Bailey for Respondent.

PULLEN, P. J.—This appeal is taken from a probate order made in a proceeding to determine conflicting interests of two claimants to the estate of Edgar Moore, deceased. Both claim a legacy by virtue of being daughters of a deceased devisee of Edgar Moore. Appellant, the daughter, by birth, of the legatee, claims the whole legacy. Respondent claims one-half thereof by virtue of being a daughter by adoption of the legatee. The facts are not in dispute.

Edgar Moore died in California leaving a will, which was duly admitted to probate in the county of Madera, in which he left all of his property, consisting entirely of personal property, to his brother, W. C. Moore, of Texas. W. C. Moore predeceased the testator by some thirteen months, leaving the two claimants to the estate. One of them, the appellant, Willie Moore McDougle, is his natural legitimate daughter, and the other claimant is respondent Mary Agalice Moore Allnett, who was adopted by W. C. Moore and his wife by virtue of proceedings taken in the county court of Jefferson County, Texas, in 1916. She bears no relationship as may have been created by such adoption proceedings. ▄ As the legatee W. C. Moore died before the testator, the legacy would have elapsed except for section 92 of the Probate Code. This section provides:

"If a devisee or legatee dies during the lifetime of the testator, the testamentary disposition to him fails, unless an intention appears to substitute another in his place; except that when any estate is devised or bequeathed to any kindred of the testator, leaving lineal descendants, or is dead at the time the will is executed, but leaves lineal descendants surviving the testator, such descendants take the estate so given by the will in the same manner as the devisee or legatee would have done had he survived the testator."

The testator having bequeathed his estate to his brother, a kinsman, who died before the testator, leaving admittedly one lineal descendant,—that is, his natural daughter,—the bequest did not lapse. The legatee also left respondent, an adopted daughter, who claims, by virtue of the adoption, a portion of the estate. The trial court found in favor of the

adopted daughter and hence arose the issue for our determination.

It requires no extensive citation of authorities to establish the principle that both the right of inheritance and the subject of adoption, with the rights and obligations springing therefrom, are purely matters of statutory regulation. (*Estate of Jobson*, 164 Cal. 312, [28 Pac. 938, 43 L. R. A. (N. S.) 1062]; *In re Estate of Darling*, 173 Cal. 221 [159 Pac. 606].)

It is also true that in the absence of any pleading or proof as to what the law of Texas may be in regard to the subject of adoption, and here there was no such pleading or proof, we must indulge in the presumption the law of that state as to adoption and the reciprocal rights created thereby are the same as in California. (*Nesbit* v. *MacDonald*, 203 Cal. 219 [263 Pac. 1007].)

The law applicable to the present controversy and creating the status is found in section 228 of the Civil Code, providing that ''after adoption the two shall sustain towards each other the legal relation of parent and child, and have all the rights and be subject to all the duties of that relation''. It will be recalled, too, that inasmuch as Edgar Moore died testate, respondent herein, the adopted daughter of the predeceased W. C. Moore, and legatee under the will, is not seeking to inherit by substitution or representation but as ''child'' of her adopted father. That such adopted child is to be considered as ''issue'' and a lineal descendant of the adopting parent, has been on several occasions recognized by our courts. *In the Estate of Mercer*, 205 Cal. 506 [271 Pac. 1067], the court directly holds that the word ''children'' should not be restricted in scope and meaning. To exclude adopted children from its scope would be to say that they are not entitled, as to the adopting parent, to the full rights of natural children, which is contrary to the express provision of the statute. (Secs. 227, 228, Civ. Code.) The Mercer case also cites with approval the case of *Warren* v. *Prescott*, 84 Me. 483 [24 Atl. 948, 30 Am. St. Rep. 370, 17 L. R. A. 435], which holds that a legally adopted child is the lineal descendant of its adopting parents within the meaning of the statutes of Maine, and as such may take a legacy given by will to one of its adopting parents who predeceased the adopted child. It also quotes,

with approval, the following sentence expressed in *Markover* v. *Krauss,* 132 Ind. 294 [31 N. E. 1047, 17 L. R. A. 806], as follows: ''As before suggested we do not mean by this that the legislature has attempted to perform the impossible feat of doing the work of nature and of creating a child of one's blood out of a stranger. We simply recognize and acknowledge the untrammeled power of the legislature to fix the legal status of the respective parties and to control absolutely the manner in which property shall descend to be distributed.'' (See, also, *Estate of Hill,* 179 Cal. 683 [178 Pac. 710].)

In the *Estate of Winchester,* 140 Cal. 468 [74 Pac. 10], the court held that the word ''issue'', as used in the Civil Code in reference to adoption, and the word ''child'', in a section of that Code pertaining to law of descent and succession, are used in the same sense, and there can be no ground of distinction between the case of an adopted child and a natural child.

*In re Newman,* 75 Cal. 213 [16 Pac. 887, 7 Am. St. Rep. 146], the court said: ''The language is general and comprehensive. The use of the word 'issue' in Section 1386 does not limit the right of inheritance to the natural children only. That section prescribes the rule of inheritance. The word 'issue' is there used in the same sense as the word 'child' or 'children'. If the adopted child is by virtue of its status to be 'regarded and treated in all respects as the child of the person adopting' and is to 'have all the rights and be subject to all the duties of the legal relation of parent and child' the right to succeed to the estate of the deceased parent must be included.''

*In re Estate of Darling, supra,* holds that, under subdivision 1 of section 1386, of the Civil Code, an adopted child is entitled to succeed to a share in the estate of the father by blood to which such father by blood would have succeeded had he survived his own father.

Respondent being therefore a lineal descendant of her adoptive parent, is entitled to share in one-half of the estate, and the order appealed from should be affirmed, and it is so ordered.

Plummer, J., and Thompson, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 19, 1935, and the following opinion then rendered thereon:

THE COURT.—The petition for hearing in the Supreme Court after decision by the District Court of Appeal, Third Appellate District, is denied. Because of the amendment of section 1875, subdivision 3, of the Code of Civil Procedure (Stats. 1927, p. 110), relating to judicial notice, we withhold approval of that portion of the opinion of the District Court of Appeal relating to "the absence of any pleading or proof as to what the law of Texas may be in regard to the subject of adoption".