[Civ. No. 12833.  Second Appellate District, Division Two.—January 28, 1941.]

In the Matter of the Estate of GEORGIA ANNA HEBERT, Deceased.  LAURA LOLAND FLANIGAN et al., Appellants, v. SECURITY–FIRST–NATIONAL BANK OF LOS ANGELES (a National Banking Association), as Guardian, etc., et al., Respondents.

Louis Thomsen for Appellants.

O'Melveny & Myers, Louis W. Myers, Adrian C. Stanton and Lauren M. Wright for Respondents.

WOOD, J.—The decedent Georgia Anna Hebert, who died intestate as to most of her estate, during her lifetime legally adopted Howard Hugh Hebert as her son. At the time of the adoption the interested parties were residents of the state of Washington and the order of adoption was made by a court of that state having the proper jurisdiction. The adopted son predeceased the decedent, leaving as his sole heirs two daughters, his legitimate issue by blood. The appellants, who are cousins of the decedent and would be entitled to inherit as next of kin if it be declared that the daughters of the adopted son are not entitled to inherit, have appealed from orders determining heirship and decreeing partial distribution which were made by the probate court in favor of the daughters of the adopted son. The question for determination is whether the daughters of the adopted son are heirs at law of the party who adopted their father.

The *status* of an adopted child is determined by the laws of the state in which the adoption was effected, but the rules of inheritance as to personal property are to be determined by the laws of the state where the decedent was domiciled at the time of death and as to real property the rules of inheritance are to be determined by the laws of the state in which the realty is situated. Although expressing "some doubt" as to whether the laws of California or the laws of Washington should be held to be controlling upon the question involved in this appeal, respondents argue that the Washington laws should govern and cites *In re Williams*, 102 Cal. 70 [36 Pac. 407, 41 Am. St. Rep. 163], in which the court quotes with approval from the opinion in *Ross* v. *Ross*, 129 Mass. 243, 246 [37 Am. Rep. 321]. In the Williams case

the question involved was the sufficiency of the adoption proceedings. The Ross case was therein cited on the question of the *status* of the adopted child, but the Ross case, in which the adoption had been effected in the state of Pennsylvania, also sets forth the rule to be followed in determining the rights of inheritance. In a comprehensive annotation in 73 A. L. R. at page 970 the author points out that the Ross case has been frequently "misquoted and miscited by the courts" but summarizes the holding in the Ross case as follows: "In short, the court in effect held that the question whether the child had the 'capacity' to inherit land in Massachusetts should be determined by the laws of the state of his adoption, but that the question whether, assuming that he had the capacity, he had the 'right' to inherit, should be determined by the law of Massachusetts". Under this rule the laws of California, the domicile of the decedent, must govern as to rights of inheritance since the property involved is personalty. It is not contended that the status of an adopted child under the laws of Washington is different from the status of a child adopted under the California law.

Without conceding that the inheritance laws of Washington are not controlling, respondents contend that under the California statutes the two daughters of the adopted son have the right to inherit. The statutes applicable are sections 221, 222 and 257 of the Probate Code. Appellants rely particularly upon section 257 which is as follows: "An adopted child succeeds to the estate of one who had adopted him, the same as a natural child; and the person adopting succeeds to the estate of an adopted child, the same as a natural parent. An adopted child does not succeed to the estate of a natural parent when the relationship between them has been severed by the adoption, nor does such natural parent succeed to the estate of such adopted child". It is argued that the legislators in adopting this section have expressed the entire rights of inheritance of adopted children and that adopted children can have no rights other than those expressly stated in the section.

The decisions of the reviewing courts of California rendered before the adoption of the Probate Code in 1931 clearly sustain the contentions of the respondents. In *Estate of Winchester,* 140 Cal. 468 [74 Pac. 10], the decedent had adopted a daughter and had left legacies to the natural chil-

dren of the daughter. The question before the court for determination was whether legacies for the benefit of the children of the adopted daughter were subject to the Collateral Inheritance Act of 1893. It became necessary to determine whether the children were heirs of the decedent. In holding that they were in fact heirs and lineal descendants and were accordingly exempt from the tax the court said that "the children of such adopted child take by inheritance as issue of the adopting father. . . . Otherwise, the child adopted and the adopting parent would not sustain towards each other the relation of parent and child". The Winchester case has been cited with approval in *Estate of Hunsicker,* 65 Cal. App. 114 [223 Pac. 411] ; *In re Darling,* 173 Cal. 221 [159 Pac. 606] ; *Estate of Moore,* 7 Cal. App. (2d) 722 [47 Pac. (2d) 533, 48 Pac. (2d) 28] ; *Estate of Mercer,* 205 Cal. 506 [271 Pac. 1067]. Appellants rely upon *Estate of Darling, supra,* in which it was held that an adopted child is entitled to succeed to the share in the estate of his grandfather by blood which his father by blood would have succeeded to had he survived his own father. This decision is not in conflict with the Winchester decision, but rather the Winchester decision was approved therein in this language: "One other consequence in the matter of inheritance may be noted as arising from the same relation, *viz.,* that the children of the adopted child take by inheritance from the adopting parent as issue of such adopting parent. This was practically the question decided in *Estate of Winchester. . . . "*

Prior to the adoption of the Probate Code in 1931, the decisions of the Supreme Court had, as we have shown, established the right of those in the position of the respondents to inherit in accordance with the contentions which they are now making. It remains to be determined whether by enacting the Probate Code the legislature changed the rules which had theretofore been established. The legislature which created the Code Commission instructed the commissioners to prepare "such restatement as will best serve clearly and correctly to express the existing provisions of law". (Stats. 1929, p. 1428.) The commissioners realized that they were not authorized to propose changes in the substance of the existing laws, for in the report which they submitted with the draft of the Probate Code they stated: "By the statute creating the Code Commission, its powers are limited to pre-

paring such 'restatement as would best serve clearly and correctly to express the existing provisions of law', and it is not within the province of the Code Commission to embody in its report any substantial changes in the existing laws''. (Cal. Prob. Code, Commissioners' Report, 1930, p. 10.) The same legislature which enacted the code section above quoted also enacted section 222 of the Probate Code, which was based upon section 1386 of the Civil Code. Both of these sections provide that the issue of a decedent shall inherit by right of representation. At the same time the legislature continued in effect the adoption provisions of the Civil Code, sections 227–229. These sections had theretofore been construed as granting inheritance rights to the children of a predeceased adopted child of the adopting parent. (*Estate of Winchester, supra; Estate of Darling, supra.*)

If a statute has been judicially construed and is later reenacted in the same or substantially the same terms it is presumed that the legislature was familiar with the construction which had been placed upon the statute by the courts and that such construction, in the absence of an express provision requiring a different construction, was adopted by the legislature as a part of the law. (*Dalton* v. *Lelande,* 22 Cal. App. 481 [135 Pac. 54].) It is clear that if section 257 had been omitted when the Probate Code was enacted it would have been the clear duty of the court to declare the respondents to be the heirs of decedent. We find nothing in section 257 requiring any other determination, since it is a ''restatement'' designed to ''clearly and correctly express the existing provisions of law'' as interpreted by the courts.

The orders are affirmed, respondents to recover costs from appellants.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied February 20, 1941, and appellants' petition for a hearing by the Supreme Court was denied March 28, 1941.