[Civ. No. 12968. First Dist., Div. One. Feb. 27, 1946.]

Estate of EMMA L. SMITH, Deceased. CELESTE HAN-
SON, Respondent, v. MARGARET WILSON et al.,
Appellants.

Leslie C. Gillen and Robert E. Hatch for Appellants.

Wright & Wright & Larson and William C. Bacon for
Respondent.

PETERS, P. J.—This appeal from a decree of the probate
court determining that Celeste Hanson is the sole heir at law
of the decedent, Emma L. Smith, approaches the frivolous.
 The appeal is taken on an agreed statement of facts. It
therein appears that Emma L. Smith died intestate in San
Francisco, leaving an estate of personal property appraised
at in excess of $20,000. She left five surviving brothers and
sisters and four descendants of a predeceased brother, all of
whom are appellants here. Respondent, Celeste Hanson, is the
only descendant of a predeceased sister, and so, of course, is
related by blood to the decedent as a grandniece. It is agreed
that decedent left no surviving spouse, parents, children, or

grandchildren, unless respondent inherits as a grandchild as the result of an adoption proceeding. It is agreed that in 1893, in the State of Washington, decedent and her then husband, while residents of that state, adopted respondent's father, Albert McAlpine. Albert was then the only child of Celestine McAlpine, a sister of decedent. Celestine had died prior to the adoption. Albert predeceased the decedent, leaving respondent as his only child. It is the theory of appellants that, under section 225 of the Probate Code, each of the surviving sisters and brothers is entitled to a one-seventh share of the estate; that the four descendants of the deceased brother are entitled to a one-seventh share, and that respondent, as the sole descendant of a predeceased sister, is entitled to a one-seventh share. In other words, appellants urge that, even though respondent is the child of an adopted child, she takes only as a grandniece of decedent and not as a grandchild, or, more accurately, that she does not take through her deceased father, but only through consanguinity as a grandniece. The point is without merit, and is settled adversely to appellants' contentions by both the statutory and case law of this state. Section 222 of the Probate Code provides that if the decedent leaves no surviving spouse, but leaves issue, the entire estate goes to such issue. Section 257 of the Probate Code provides that: ''An adopted child succeeds to the estate of one who has adopted him, the same as a natural child. . . .'' Both before and after the adoption of the Probate Code it has been held that children of adopted children take as issue or lineal descendants of the adopting parents. In *Estate of Winchester*, 140 Cal. 468 [74 P. 10], the question was whether legacies contained in the will of an adopting parent for the benefit of children of the adopted child were subject to the then Inheritance Tax Act. It became necessary to determine whether children of adopted children were heirs of the adopting parent. If so, the tax did not apply. In holding that they were in fact heirs and lineal descendants of the adopting parent, and were accordingly exempt from the tax, the court held (p. 469) that ''the children of such adopted child take by inheritance as issue of the adopting father [citing cases]. Otherwise, the child adopted and the adopting parent would not sustain towards each other the relation of parent and child.'' This case has been cited with approval on this point in many cases. (*Estate of Hunsicker*, 65 Cal.App. 114, 119 [223 P. 411]; *In re Darling*, 173 Cal. 221, 225 [159 P. 606]; *Estate of Moore*, 7 Cal.App.2d 722, 725 [47 P.2d 533, 48 P.2d

28]; *Estate of Mercer,* 205 Cal. 506, 510 [271 P. 1067].) A case on all fours with the instant one, and decided since the adoption of the Probate Code, is *Estate of Hebert,* 42 Cal. App.2d 664 [109 P.2d 729]. (Petition for hearing in Supreme Court denied.) In that case, as in the instant one, the child was adopted while the parties were residents of the State of Washington. As in the instant case, the adopted child predeceased the decedent, leaving issue. The decedent died intestate in California. The contest was between cousins of the decedent, on the one side, and the issue of the adopted child. The specific question involved, which is the exact problem here presented, was stated by the court as "whether the daughters of the adopted son are heirs at law of the party who adopted their father" (p. 665). The court held that the status of an adopted child is determined by the laws of the state where the adoption took place, but the rules of inheritance as to personal property are determined by the laws of the state of decedent's domicile. The court then analyzed the cases decided before the adoption of the Probate Code, cited *supra,* and held that such cases clearly established the rule to be that children of an adopted child take by inheritance from the adopting parent as "issue" of such adopting parent. The court then analyzed the provisions of the Probate Code and held that no change was wrought by those sections. The precise point involved in the instant case is discussed at length and decided adversely to the contentions of appellant.

Another recent case involving the same principle is *Estate of Tibbetts,* 48 Cal.App.2d 177 [119 P.2d 368]. (Hearing denied in Supreme Court.) In that case Francena Tibbetts, a resident of California, by will, left one-half of her estate to her sister Annie Lawton. Annie Lawton predeceased the testatrix, leaving a son and an adopted daughter. The question was whether the anti-lapse statute (Prob. Code, § 92) providing that bequests to kindred of the testator who predecease the testator leaving "lineal descendants" applied to an adopted child. It was held that such adopted child was a lineal descendant of the adopting parent. (See, also, *Estate of Morris,* 56 Cal.App.2d 715 [133 P.2d 452].)

■ Although the Hebert case is the main case relied upon by respondent, appellants do not even mention the case in their briefs. They satisfy themselves with the bald assertion that, because respondent was related to the decedent as a grandniece, the blood status must dominate the adoptive

status. In other words, it is urged that, where the adopted child is also related by blood to the adopting parent, children of such adopted child are in a different legal status from those where the adopted child is not related to the adopting parent. If the adopted child is related to the decedent, under this theory, the children of the adopted child would not be ''issue'' of their parent, so far as the adopting parents are concerned, but would revert to their blood relationship to the decedent. To state the contention is to refute it. There is no justification at all for thus treating differently the issue of children of an adopted child where their parent was related to the decedent who adopted their parent, from children of an adopted parent who was not related by blood to the decedent.

The case mainly relied upon by appellants is *In re Darling,* 173 Cal. 221 [159 P. 606], in which an adopted child was allowed to inherit from his grandparents by blood. There is nothing in that case, however, to show that, where a child sustains both blood and adopted relationship to the decedent, he can inherit only under the blood relationship. In fact, in that case, the rule of the Winchester case, *supra,* was expressly recognized, the court stating (p. 225): ''One other consequence in the matter of inheritance may be noted as arising from the same relation, viz., that the children of the *adopted child* take by inheritance *from the adopting parent* as issue of such adopting parent.''

There is no merit at all in the position advanced by appellants. The decree determining heirship is affirmed.

Ward, J., and Schottky, J. pro tem., concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 25, 1946.