W. Vincent Grady, S.
Application has been made to this court for a construction of paragraph second ’ ’ of the last will and testament of the above-named decedent. This paragraph states as follows: ‘ All the rest, residue and remainder of my property, both real and personal, of every name and nature whatsoever, and wherever situate, I give, devise and bequeath to my wife, Edith L. Marquet, to be hers absolutely. In ease, however, my said wife should predecease me or perish with me in a common disaster, then and in either of such events, I give devise and bequeath the residue of my estate as follows: one-third thereof to my step-daughter, Dorothy L. Matthews; one-third thereof to my sister, Lillian Doyle; one-third thereof to my brother, Frank H. Marquet.”
It appears from the petition that Edith L. Marquet, wife of the decedent, predeceased testator on or about May 6, 1950, and that said Matthew B. Marquet died without issue. It further appears that Lillian Doyle, a sister of decedent also predeceased testator and died without issue, intestate, on April 22,1948.
The only parties therefore interested in this proceeding are Dorothy E. Matthies named in the will as Dorothy L. Matthews and Frank H. Marquet, the petitioner, a brother of decedent. Dorothy E. Matthies has appeared and waived the issuance and service upon her of a citation and consented that a decree be made determining the effect of the disposition of property contained in said paragraph ‘ ‘ second. ’ ’
After reading the petition and the will and hearing the argument of counsel for petitioner, the court finds and decides as follows:
The residuary share left to Lillian Doyle, under paragraph “ second,” of decedent’s will, lapses and becomes an intestacy by reason of the fact that she predeceased testator leaving no issue. (See Decedent Estate Law, § 29; Matter of Neydorff, 193 App. Div. 531, 533.)
Since it appears that Dorothy E. Matthies, named in the will as Dorothy L. Matthews, is a stepdaughter of the decedent and never adopted by him, it is well-settled law that she would not share in the intestate estate. (See Matter of Field, 182 App. Div. 226; also 3 Jessup-Redfield, N. Y. Surrogates’ Law and Practice, § 1956; Decedent Estate Law, § 83.)
Distribution of this share should be made to Frank H. Marquet, brother and only surviving distributee of decedent.
Submit order accordingly.