225 Cal.App.2d 396 (1964)
Estate of CATHERINE LIMA, Deceased. OLIVE LIMA BASSETT et al., Plaintiffs and Appellants,
v.
BERNICE MAY CLEVELAND, Defendant and Respondent.
Civ. No. 21535. 
California Court of Appeals. First Dist., Div. Three. 
Mar. 10, 1964.
 Joseph A. Brown for Plaintiffs and Appellants.
 O'Gara & McGuire and William F. Seeley for Defendant and Respondent. *397
 SALSMAN, J.
 This is an appeal from a judgment determining interest in the estate of Catherine Lima, deceased.
 [1a] These are the undisputed facts: George Lima was first married to "Doe" Lima. (Her given name does not appear in the record.) There were three children the issue of this marriage, namely Olive Lima Bassett, Chester H. Lima and William A. Lima, and they are the appellants herein.
 Upon the death of "Doe" Lima, George Lima married Catherine Lima. Catherine Lima had been married previously and had one child, Bernice May Cleveland, respondent herein. George Lima and Catherine Lima remained husband and wife for 26 years, until the death of George Lima on August 20, 1956. They had no children.
 Catherine Lima died intestate on February 22, 1961.
 On July 14, 1950, George Lima had executed and delivered a deed to certain real property to his wife Catherine, and this real property comprises the principal asset of the estate of Catherine.
 Appellants, as children of George Lima and stepchildren of Catherine, claim to be entitled to three-fourths of the estate of their stepmother, and that respondent Bernice May Cleveland is entitled to one-fourth of the estate.
 The probate judge found that Bernice May Cleveland, as surviving issue of Catherine Lima, was entitled to the whole estate and entered judgment accordingly.
 Appellants argue that, as stepchildren, they should share equally with respondent in property which came to the decedent from their natural father. Appellants cite Estate of Abdale, 28 Cal.2d 587 [170 P.2d 918], and contend that the source of the property must determine its distribution, and argue by inference that Probate Code section 229 is applicable. [fn. 1] Estate of Abdale is not applicable to the undisputed facts here. In Estate of Abdale the decedent was survived *398 by neither spouse nor issue. Here issue survives the decedent. [2] For the same reason, Probate Code section 229 can have no application, for that section applies only where the decedent leaves neither spouse nor issue. Estate of Auclair, 75 Cal.App.2d 189, 195 [170 P.2d 29], correctly interprets this section where it is said: "Section 229 is applicable only if there is no 'issue,' that is, no lineal descendants from the decedent and any spouse--one prior to the predeceased spouse, the predeceased spouse, or one subsequent to the predeceased spouse. The decedent in this case left issue and section 229 is not relevant to the determination of heirship in this case, which eliminates consideration of the two children, the issue of George Auclair and a prior predeceased wife as heirs in this case. ..."
 [3] Probate Code section 222 provides: "If the decedent leaves no surviving spouse, but leaves issue, the whole estate goes to such issue; and if all of the descendants are in the same degree of kindred to the decedent they shall share equally, otherwise they take by right of representation."
 It is this section which is applicable to the facts of this case, and which required the probate judge to enter judgment in respondent's favor.
 Although it may appear unjust that stepchildren, under facts here present, may not share in the estate of their stepparent who has left issue, especially when the assets of the estate were at one time the property of the natural parent of the stepchildren, the language of the code section, the case law and the historical status of stepchildren permit no other interpretation. [4] Stepchildren simply have not been embraced within the meaning of the word "issue" as used in Probate Code section 222. (See also, 26-A C.J.S. (1956) Descent and Distribution, 578; Annotation "Descent and distribution from stepparents to stepchildren or vice versa," 63 A.L.R.2d 303; In re Wall's Will, 216 N.C. 805 [5 S.E.2d 837]; Aubrey v. Folsom, 151 F.Supp. 836.) While the status of adopted and illegitimate children has been dealt with by the Legislature (see Prob. Code, 257, 255, 256; Estate of Calhoun, 44 Cal.2d 378 [282 P.2d 880]; Estate of Smith, 73 Cal.App.2d 291 [166 P.2d 74]; Estate of Hebert, 42 Cal.App.2d 664 [109 P.2d 729]; Estate of Goulart, 222 Cal.App.2d 808 [35 Cal.Rptr. 465]; Coyle & MacDonald, The Rights of an Adopted Child to Inherit Under the California Probate Code, 7 Hastings L.J. 86; tenBroek, California's Adoption Law and Program, 6 Hastings L.J. 261) the status *399 of stepchildren has not been disturbed, and we must take the law as we find it. [1b] Here, the express language of the code section precludes appellants from succeeding to any portion of the estate of their stepparent.
 The judgment is affirmed.
 Draper, P. J., and Devine, J., concurred.
NOTES
[fn. 1] 1. Section 229 of the Probate Code provides: "If the decedent leaves neither spouse nor issue, and the estate or any portion thereof was separate property of a previously deceased spouse, and came to the decedent from such spouse by gift, descent, devise or bequest, or became vested in the decedent on the death of such spouse by right of survivorship in a homestead or in a joint tenancy between such spouse and the decedent, such property goes in equal shares to the children of the deceased spouse and to their descendants by right of representation, and if none, then to the parents of the deceased spouse in equal shares, or if either is dead to the survivor, or if both are dead, in equal shares to the brothers and sisters of the deceased spouse and to their descendants by right of representation."