[Civ. No. 22245. Fourth Dist., Div. One. June 18, 1980.]

Estate of PHILIP NOEL DAVIS, Deceased.
JAMES BLANKENSHIP et al., Petitioners and Appellants, v.
PHILIP NOEL DAVIS, JR., Individually and as Administrator, etc.,
et al., Claimants and Respondents.

COUNSEL

Don L. Harrington for Petitioners and Appellants.

Mulder & Nemser and Gerald S. Mulder for Claimants and Respondents.

OPINION

**BROWN (Gerald), P. J.**—Petitioners appeal the judgment on the pleadings for respondents on a petition to determine heirship.

Philip Noel Davis and Alice Eva Davis were married for 32 years. Each had children from previous marriages. Petitioners are the children of Alice Davis and the unadopted stepchildren of Philip Davis; respondents are the children and grandchildren of Philip Davis. Alice Eva Davis died intestate on April 19, 1978. Her entire estate, consisting of

community property and property held in joint tenancy with her husband, passed to him under Probate Code section 201 and by right of survivorship. Philip Davis died intestate on August 29, 1978.

Philip Noel Davis, Jr., was appointed administrator of his father's estate; the petition for letters of administration named only the children and grandchildren of Philip Noel Davis as his heirs. Petitioners then filed a petition for determination of entitlement to distribution of estate (Prob. Code, § 1080), claiming they are entitled to share in the estate as the "equitably adopted" stepchildren of Philip Noel Davis. Petitioners moved for summary judgment on two grounds: (1) as the decedent's "equitably adopted" stepchildren, they are entitled as a matter of law to share in his estate along with his natural children; and (2) there is no triable issue of fact concerning the existence of an equitable adoption. Respondents filed declarations controverting the facts set forth in the declarations supporting the motion. At the hearing the trial court denied the motion for summary judgment and granted judgment on the pleadings for respondents.

■ Where a decedent is survived by issue, are his unadopted stepchildren entitled to share in his intestate estate?

Succession to the decedent's estate here is governed by Probate Code section 222 which provides: "If the decedent leaves no surviving spouse, but leaves issue, the whole estate goes to such issue; and if all of the descendents are in the same degree of kindred to the decedent they share equally, otherwise they take by right of representation." Unadopted stepchildren are not "issue" entitled to take under section 222 (*Estate of Lima* (1964) 225 Cal.App.2d 396, 398 [37 Cal.Rptr. 404]; *Steed* v. *Imperial Airlines* (1974) 12 Cal.3d 115, 119 [115 Cal.Rptr. 329, 524 P.2d 801, 68 A.L.R.3d 1204]; *California State Auto. Assn., Inter-Ins. Bureau* v. *Jacobson* (1972) 24 Cal.App.3d 850, 853 [101 Cal.Rptr. 366]). Since petitioners would not be entitled to share in their stepfather's estate even if all of the allegations of their petition were true, the trial court correctly granted respondents' motion for judgment on the pleadings (*Gill* v. *Curtis Publishing Co.* (1952) 38 Cal.2d 273, 275 [239 P.2d 630]; *Mathews* v. *State of California* ex rel. *Dept. of Transportation* (1978) 82 Cal.App.3d 116, 119 [145 Cal.Rptr. 443]).

The authorities cited by petitioners to support their claim of an "equitable adoption" are inapposite. *Estate of Reid* (1978) 80 Cal.

App.3d 185 [145 Cal.Rptr. 451], and *Estate of Rivolo* (1961) 194 Cal. App.2d 773 [15 Cal.Rptr. 268], each involved an express contract to adopt, which does not exist here. *Estate of Radovich* (1957) 48 Cal.2d 116 [308 P.2d 14], and *Estate of Teddy* (1963) 214 Cal.App.2d 113 [29 Cal.Rptr. 402], primarily concerned the proper classification of an unadopted stepchild for inheritance tax purposes; whether the stepchild was entitled to inherit in the first place was not an issue on appeal in either case.

Judgment affirmed.

Cologne, J., and Staniforth, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied September 10, 1980.