[Civ. No. 24137. Fourth Dist., Div. One. Aug. 14, 1981.]

Estate of WALTER E. STEWART, Deceased.
BARBARA STEWART DuERMIT et al., Petitioners and
Appellants, v.
VICTOR D. STEWART et al., as Co-executors, etc., Objectors and
Respondents.

**COUNSEL**

Richardine M. Imrie for Petitioners and Appellants.

Jennings, Engstrand & Henrikson, Charles F. Gorder, Sr., and Judith E. Solomon for Objectors and Respondents.

**OPINION**

**BROWN (Gerald), P. J.**—Ronald L. Stewart and Barbara Stewart Du-Ermit appeal a judgment declaring they are not heirs of Walter E. Stewart and dismissing their petition to determine heirship (Prob. Code, § 1080).

Walter E. Stewart married Catherine Larsen, a widow with three children, including Ronald and Barbara's father Vincent. Walter and Catherine had four children. Walter received Vincent into his home; raised and supported Vincent; and treated Vincent no differently than his own children. Vincent used the Stewart name, but Walter did not adopt him.

Walter died in 1978; both Catherine and Vincent predeceased him. Walter's will, executed March 21, 1975, was admitted to probate. In it Walter left the bulk of his estate, valued at about half a million dollars, in six equal shares, to his four children, Vincent's widow Vera, and the widow of Vincent's brother Charles. Under the will, if any of the named beneficiaries did not survive Walter, the beneficiary's lineal descendents would take his share. However, Vincent's widow Vera, survived Walter and received a sixth of the residue.

Ronald and Barbara did not contest the will within four months after its admission to probate (Prob. Code, § 380). More than a year and a half after the will was admitted to probate, they filed a petition to determine heirship (Prob. Code, § 1080) alleging they are heirs of Walter because their father Vincent was Walter's "equitably adopted" son. Their sibling refused to join them in the petition. A few months later, they filed a separate equitable action seeking to set aside the order admitting the will to probate. Among other allegations, they claim: the court lacked jurisdiction to make the order because they are Walter's heirs but did not receive notice of the probate proceedings, as required by Probate Code section 328; and probate of the will was secured by fraud, because the executors knew Ronald and Barbara are Walter's heirs but withheld this information from the court and fraudulently failed to give them notice of the proceedings.

Walter's executors opposed the petition to determine heirship and moved for summary judgment and judgment on the pleadings. The court found the doctrines of "equitable adoption" and implied contract inapplicable under the circumstances present here and concluded Ronald and Barbara are not Walter's heirs. It accordingly granted the executors' motion for judgment on the pleadings and dismissed the petition.

■ The issue of a person not survived by a spouse are his heirs (Prob. Code, § 222). Unadopted stepchildren and their children are not "issue" under section 222 (*Estate of Davis* (1980) 107 Cal.App.3d 93, 95 [165 Cal.Rptr. 543]; *Estate of Lima* (1964) 225 Cal.App.2d 396, 398 [37 Cal.Rptr. 404]).

Ronald and Barbara contend, however, Vincent should have in equity the status of Walter's adopted son because Walter received Vincent into his home and treated him as a son. A so-called "equitable adoption" is no more than a legal fiction permitting specific performance of a con-

tract to adopt (*Estate of Wilson* (1980) 111 Cal.App.3d 242, 245 [168 Cal.Rptr. 533]; *Estate of Grace* (1948) 88 Cal.App.2d 956, 964-965 [200 P.2d 864]). Ronald and Barbara do not claim Walter expressly contracted to adopt Vincent. Nor does their petition state any facts from which the court could infer Walter intended to adopt Vincent, accepting the legal status of parent with all its attendant rights and duties. There is no basis for the court to conclude Walter agreed to undertake any role except that of a conscientious and affectionate stepparent.

The judgment is affirmed.

Cologne, J., and Staniforth, J., concurred.

A petition for a rehearing was denied August 31, 1981, and appellants' petition for a hearing by the Supreme Court was denied October 7, 1981.