# IN THE MATTER OF THE ESTATE OF: ROBERT ALFRED DESROCHERS, Deceased.

Probate No. 76/1995

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

March 12, 1997

JUDITH BOURNE, ESQ., St. Thomas, U.S.V.I.

DAVID BORNN, ESQ. , St. Thomas, U.S.V.I.

DIASE, *Judge*

## MEMORANDUM OPINION

The Court is asked to determine whether the stepchildren of the decedent are considered heirs-at-law pursuant to the Virgin Islands statutes of descent and distribution. The Court holds that these statutes do not provide for intestacy succession by stepchildren. As a result, the stepchildren of the decedent have no entitlement as heirs-at-law to share in the Estate of Robert Alfred Desrochers.

## I. Facts[1]

Robert Alfred Desrochers died testate on July 3, 1995. The Last Will and Testament of Robert Desrochers dated December 12, 1989, was filed with the Court on August 18, 1995. In his Will, the

---

[1] This probate is unique in the number of pleadings and other filings, with attendant issues, submitted for the Court's consideration. As such, the facts recited herein are those which are uncontroverted and directly pertinent to the issue addressed.

decedent acknowledges he had a wife, namely Donna Desrochers. He also acknowledges he had five adult "children", namely Samuel James Bawcum (hereinafter "Bawcum"), Susan Beth Bawcum (Burr), Steven Mark Bawcum, Sharon Gayle Bawcum and Jean Gerard Desrochers, also known as Gene Gerard Desrochers (hereinafter "Desrochers"). The Bawcum children, however, are the natural children of Donna Desrochers from a prior marriage and the decedent's stepchildren. Jean Desrochers is the only natural issue of the decedent.

Under the terms of the Will, Bawcum is nominated as executor of the Estate. Furthermore, paragraph four of the Will provides that the Bawcum children and Desrochers will share equally in the decedent's Estate so long as "my wife, Donna, shall die with me in a common accident or disaster, or under such circumstances as make it impossible or difficult to determine which of us died first, or within 60 days after my death." Donna Desrochers predeceased the decedent on December 4, 1992. The Will has no residuary clause.

In their competing claims for the probate of the Estate, both Bawcum and Desrochers agree that, by operation of law, the distribution of the assets belonging to the decedent must pass by intestacy due to the Will's failure to cover the circumstances where Donna Desrochers predeceased the decedent by two and one-half years. However, they differ as to who are the heirs of the Estate. The Special Administrator of the Estate, George Blackhall, filed a motion requesting that the Court determine this issue. Desrochers contends that he is the sole heir. Bawcum argues that the Bawcum children and Desrochers are relatives of the half-blood to each other and to each parent and, thus, share in the Estate.

## II. Legal Discussion

In pertinent part, the Virgin Islands statute on intestate distribution of property, whether real or personal, provides that "if there be no surviving spouse, the whole thereof shall descend and be distributed equally to and among the children and such as legally represent them." V.I. Code Ann. tit. 15, § 84(5) (1964). Also, in pertinent part, the statute provides that "relatives of the half-blood shall take equally with those of the whole blood is the same

degree." V.I. Code Ann. tit. 15, § 84(11) (1964). The latter provision prohibits distinction between relatives of the whole blood and of the half blood who are entitled to inherit under the laws of descent and distribution.[2] *In Re Smith's Estate*, 49 Wash. 2d 229, 299 P.2d 550, 553 (Wash. 1956) (construing a similar statute). The term "half-blood" denotes "the degree of relationship which exists between those who have the same father or the same mother, but not both parents in common." Black's Law Dictionary 173 (6th ed. 1990); 19 Words And Phrases *Half Blood* (1970). However, "[a] stepchild is the son or daughter of one's wife by a former husband, or of one's husband by a former wife." *Smith*, 299 P.2d at 552. A stepchild and a stepparent are kindred of affinity, and not of the blood. *Id.* Ordinarily, a stepchild does not inherit from a stepparent. 26A C.J.S. *Descent and Distribution* § 34 (1956).

Furthermore, the Virgin Islands statutes of succession provide for inheritance by adopted children from their adoptive parents, V.I. Code Ann. tit. 15, § 84(14) (1964), and by illegitimate children from their mother and their father if the father signed the official birth certificate, was adjudged the father by a court of competent jurisdiction, or, by written acknowledgement, recognized the child as his, V.I. Code Ann. tit. 15, § 84(13) (1964). The courts have uniformly held that only biological fathers can acknowledge illegitimate children. *Mace v. Webb*, 614 P.2d 647, 648 (Utah 1980). Under Virgin Islands law, there is no statutory provision for inheritance by stepchildren.

In *Smith*, the stepchildren's natural mother predeceased their stepfather and the clause in his will leaving her the residue of his estate, therefore, lapsed. The probate court ruled that the stepchildren had no right of inheritance from their stepfather and that the residuary passed by the law of descent to the sole heir-at-law, the issue of the decedent's child. The stepchildren appealed. The Supreme Court of Washington affirmed the probate court. The court found the half-blood statute inapplicable as ""there is no question presented in this case . . . of the half blood, because the ... children of his [wife] . . . by [her] first [husband], had none of

---

[2] The Court attributes the following meaning to the term "inherit": "to take by descent as a matter of law as heir on death of ancestor." Black's Law Dictionary 782 (6th ed. 1990).

[his] blood in their veins and [he] was the stock.'" *Smith*, 299 P.2d at 552 (citation omitted). The *Smith* court emphasized that the statute did not create another class of persons who are to take and who are not of the blood of the deceased at all. *Id*. at 553. ""There is a fundamental distinction between persons who are of the half blood and those without inheritable blood at all.'" *Id*. (quoting *In Re Estate of Paus*, 324 Ill. App. 58, 57 N.E.2d 212, 213 (Ill. App. Ct. 1944)); *Contra In Re Estate of Humphrey*, 254 F. Supp. 33 (D.D.C. 1966) (holding that under a statute abolishing the distinction between kindred of whole and half blood, a stepchild may inherit from a stepparent who dies intestate), *rev'd sub nom., Humphrey v. Tolson*, 128 U.S. App. D.C. 18, 384 F.2d 987 (D.C. Cir. 1966).

*In Re Wall's Will*, 216 N.C. 805, 5 S.E.2d 837 (N.C. 1939), the Supreme Court of North Carolina upheld the trial court's ruling that, where a holographic will could not be sustained, the child of the marriage inherited the whole property since the children of the husband were not of the blood of the deceased, his wife and their stepmother. Likewise, *In Re Marquet's Will*, 13 Misc. 2d 958, 178 N.Y.S.2d 783, 784 (Surr. Ct. 1958), the New York Surrogate Court found that, as the distributee predeceased the testator without issue, the residuary share lapsed and, as the stepdaughter was never adopted by him, "it is well settled law that she would not share in the intestate estate." And, in *In Re Lima's Estate*, 225 Cal. App. 2d 396, 37 Cal. Rptr. 404 (Cal. Ct. App. 1964), the California Court of Appeals held that, although the principal asset of the wife's estate was realty conveyed to her by her predeceased second husband, under the law of intestacy, her daughter by her first husband was entitled to all of such estate, to the exclusion of the second husband's children by a previous marriage. While the *Lima* court empathized with the stepchildren, it wrote as follows:

> Although it may appear unjust that stepchildren, under facts here present, may not share in the estate of their stepparent who has left issue, especially when the assets of the estate were at one time the property of the natural parent of the stepchildren, the language of the code section . . . permits no other interpretation . . . The status of stepchildren has not been disturbed and we must take the law as we find it. Here, the express

language of the code section precludes [stepchildren] from succeeding to any portion of the estate of their stepparent.

*Id.* at 405; *See also Estate of Davis,* 107 Cal. App. 3d 93, 165 Cal. Rptr. 543 (Cal. Ct. App. 1980) and *Estate of Stewart,* 122 Cal. App. 3d 625, 176 Cal. Rptr. 142 (Cal. Ct. App. 1981) (both affirming lower court's ruling that unadopted stepchildren are not entitled to share in the intestate estate where decedent was survived by issue).

■ As the natural children of Donna Desrochers from a previous marriage, Bawcum and his siblings are the stepchildren of the decedent. They are also the stepbrothers and stepsisters, rather than the half-brothers and half-sisters of Desrochers, the natural issue of the decedent. The Bawcum children and Desrochers are related not by blood but by the marriage of their separate parents. Therefore, 15 V.I.C. § 84(11) fails to apply under the facts of this case. For the purposes of descent and distribution, the stepchildren cannot be treated as natural children simply because they were designated by the decedent as "children" in his Will. Furthermore, Bawcum has not provided the Court with any evidence establishing that he or his siblings were adopted by the decedent or that they are his illegitimate issue.

There is no Virgin Islands statute providing for intestate succession to a stepchild from the estate of a stepparent. This Court, therefore, must also take the law as it finds it. As stepchildren of Robert Desrochers, neither Bawcum nor his siblings have any claim under the Virgin Islands laws of descent and distribution to an inheritance from his Estate.

### III. CONCLUSION

Therefore, under the applicable laws of intestate succession, the Court concludes that Samuel James Bawcum, Susan Beth Bawcum Burr, Steven Mark Bawcum and Sharon Gayle Bawcum, the stepchildren of the decedent, have no entitlement to share in the Estate of Robert Alfred Desrochers. An appropriate Order shall be entered.

DATED this 12th day of March, 1997.